Manly, J.
 

 "Waiving any discussion as to the terms, in which the rule is laid down by the Judge below, we think that the rule, itself, was not properly applicable to the facts before the Court. According to the interpretation, which we put upon them, they do not raise the question between affirmative and negative, but between contradictory witnesses. And the true question was, which class of witnesses, judging of the testimony of each by the ordinary tests, the jury would believe. With respect to the rule, it is clear that its applicability to any state of facts, must depend upon whether the negative testimony can be attributed to inattention, error, or
 
 *310
 
 defect of memory; 1 Stark. 517. If two persons admit they were in a room together, and one swears that while there, he heard a clock in the room strike, and the other swears he did not hear it, it is a case for the application of the rule, according to all elementary writers. But in the case supposed, if two persons were placed in a room where a clock was, for the express purpose of ascertaining by their senses, whether it would strike or not, a variance between their testimony could not be well attributed to mistake or inattention, and the real question would be as to the credit of the witnesses. In the case before us, the defendant proves by a witness, that the parties held a certain conversation, in which a witness, previously introduced by the plaintiff,
 
 pcvrticvpated,
 
 and plaintiffs’ witness, being recalled, denies that any such conversation was held; this is not a question between affirmative and negative testimony, wherein the latter may be ascribed to inattention, but it is a question between witnesses who contradict each other, and the question is, to which side, under all the circumstances, is credit due. It is the duty of a jury to
 
 reconcile
 
 testimony, if possible; especially if it come from credible sources. Hence, when one declares, under oath, that he heard a thing, and another, who was present, that he did not hear it, if the matter, in question, occurred under such circumstances as to account for the negative testimony upon the theory of inattention, the jury will be able to reconcile the two, and both being credited, it will be taken that the matter occurred, and was heard by one and not by the other.
 

 This is the basis of the maxim, that affirmative testimony is entitled to more weight than negative. At the last term of this Court, the maxim was recognised and approved in its application to a state of facts, somewhat like the case last sup* posed : A class of witnesses swore that a slave had been seen by them on crutches and limping; another class, with only the same opportunities of observation, for ought that appeared, swore that they had not seen him on crutches or limping; instructions that the positive were entitled to more weight than the negative, were approved. Both being equally cred
 
 *311
 
 ible, they were thus reconciled;
 
 Henderson
 
 v. Crouse, 7 Jones, 623.
 

 But in our case, the witnesses are not reconcilable, A swears that B, C and D, held a conversation together. D swears that no such conversation was held. The
 
 negadme
 
 cannot be accounted for, on the score of a want of observation, any more than the
 
 jpositive.
 
 The witnesses are in contradiction, and their credibility must decide it.
 

 There should be a reversal of the j udgment, and a
 
 venire de novo.
 

 Per Curiam,
 

 Judgment reversed.