W. H. KERR v. SANDERS, ORR & CO.

(Decided April 26, 1898).

*Action on Contract of Employment—Contract—Cancel-*
*ling Contract of Employment—Negotiations Leading*
*to Contract Accord and Satisfaction—Evidence.*

1. Where a written contract of employment did not require the employee
   to furnish a fidelity bond, his failure to do so is no ground for
   cancellation of such contract although in the correspondence pre-
   ceding the signing of the contract a bond had been demanded by
   the employer.

2. The fact that an employee, whom his employers wished to discharge,
   refused an offer of a certain sum "in full for services" a few days
   before his receipt of a letter of discharge containing a check for the
   amount on which was written "In full for services" is no evidence
   that he did not accept the offer when he cashed the check and
   used the proceeds.

3. The acceptance of a less amount than that claimed, in satisfaction
   thereof, is a complete discharge of the same, (Section 574 of *The
   Code*), hence,

4. Where an employee was discharged and received and cashed a check
   for $125, on which was written "In full for services," which
   amount was less than he claimed, he cannot recover more although
   he attempted to qualify his acceptance of the proceeds of the check
   by writing across the check, above his signature, the words
   "Accepted for one month's services."

CIVIL ACTION tried before *Greene, J.,* and a jury at
January, 1897 Term of MECKLENBURG Superior Court.
The facts appear in the opinion. The plaintiff appealed.

*Messrs. Jones & Tillett* for plaintiff (appellant).
*Messrs. Burwell, Walker & Cansler* for defendants.

FURCHES, J.: Defendants employed the plaintiff to
buy cotton for them for a term of six months at the
price of $75 per month, each month's wages to be due

at the end of the month.   This contract was substantially made by letter correspondence between the parties commencing in July; but on the 5th day of September, 1896, they closed the contract, commenced by the letter correspondence, by a formal written contract signed by both parties.   In this signed contract, tne defendants reserved the right to dismiss the plaintiff without notice and without further liability to him.   The grounds stated in said contract, for which the defendants may discharge the plaintiff without notice or further liability, are, "that if he fails to discharge the duties required of him to the satisfaction of said Sanders, Orr & Co. either from inability or neglect on his part."   On the 25th of August defendants wrote to plaintiff, saying that they required of him a bond of $3000.   The plaintiff undertook to give this bond but failed to do so, and then wrote defendants that this bond was not included in the contract and he thought his references ought to be sufficient.   It does not appear that anything was said in the signed contract about plaintiff's giving a bond.

But defendants' counsel contends that the plaintiff had been notified, before the formal contract was signed, that defendants would expect him to give a bond, and therefore it constitutes one of the conditions of the contract, as much as if it had been incorporated into the contract, and cites *Kitchen* v. *Grandy*, 101 N. C.. 86 as authority for this contention.   But we do not think so. In that case the correspondence was used in construing a contract.   To use it for the purpose claimed by defendants would be to incorporate a new condition into the contract.   This cannot be done.   The correspondence was the chaffering between the parties, and would probably have amounted to a contract if nothing further had taken place between them. But all this was merged

into the formal written contract of the 5th of September, which was signed by both parties. We cannot hold that the conditions contained in the contract authorized the defendants to discharge the plaintiff without liability upon the ground that the plaintiff failed to give them the bond they required of him.

But the defendants had the right to discharge the plaintiff from their service without any stipulation to that effect in the contract, but, in doing so, they took the responsibility of being held in damages therefor. This they did, after some correspondence, on the 25th of September in a very curt manner, in the following note; "W. H. Kerr, Elberton, Ga., Dear Sir:—We have no further use for your services and you are hereby discharged. . Yours truly, Sanders, Orr & Co." But accompanying this note of discharge was a check drawn by defendants on The Commercial National Bank of Charlotte, payable to plaintiff or his order, for $75 in which was written "*In full for services.*" Upon this check the plaintiff's endorsement was, "This check accepted for one month's services, beginning September 4 and ending October 4, 1893." He then collected the check and used the money. The plaintiff had refused a proposition to this effect from defendants a few days before that, and the plaintiff argues that this is evidence that he did not intend to waive any rights he had by accepting the check, collecting the same and using the money. But we do not see how these acts of plaintiff can be construed to have any other meaning. *Non constat*, he refused it on one day that he might not accept it on another day. But if it was some evidence to support the plaintiff's contention, it has been fairly left to the jury, and decided against him. *Simpson* v. *Pegram*, 112 N. C., 541.

. The plaintiff must have known what was meant by the words written on the face of the check "in full for services," enclosed in the letter discharging him from the service of defendants. It is certain he was not inadvertent to this language, "in full for services," as he would not have endorsed on it "accepted for one month's service," etc., and the jury have found against him. The plaintiff had no right to change this check or to accept it for any other purpose than that stated in the letter and check. *Long* v. *Miller*, 93 N. C., 233; *Pruden* v. *Railroad*, 121 N. C., 509.

This doctrine is based on the idea of contract. "It takes two to make a contract." The offer of the defendants and the acceptance by the plaintiff was a contract—a meeting of minds. If plaintiff were allowed to accept it for a different purpose than that stated by defendants, it would be to allow him to make a contract with defendants without their knowledge or consent. *Pruden* v. *Railroad, supra*; *Petit* v. *Woolief*, 115 N. C., 120; *King* v. *Phillips*, 94 N. C., 555.

We see no error in refusing the plaintiff's prayer for instruction, nor do we see any error in the instructions given. We do not think the plaintiff could have recovered against the defendants in this action, without Section 574 and 575 of *The Code*; but, certainly, not since their enactment. If the plaintiff had any grounds outside of the written contract of the 5th of September, it has been fairly submitted to the jury and decided against him. We do not think there was such a failure on the part of the Court to array the evidence as to bring this case within the ruling in *State* v. *Groves*, 121 N. C., 563. Nor do we think the exception to the issues can be sustained. The judgment below is

Affirmed.