### DAVIS SULPHUR ORE CO. v. POWERS.

(Filed April 8, 1902.)

PAYMENTS—*Acceptance—Check.*

> Where a creditor receives from his debtor a check, accompanied
> by a letter stating it was for balance in full, and he cashes
> the same, it amounts to a payment in full, in the absence
> of evidence of fraud or mistake on the part of the payor.

ACTION by the Davis Sulphur Ore Company against E. J.
Powers and others, heard by Judge *O. H. Allen* and a jury, at
October Term, 1901, of the Superior Court of NEW HANOVER
County. From a judgment for the defendants, the plaintiff
appealed.

*L. V. Grady,* for the plaintiff.
*E. K. Bryan,* for the defendants.

CLARK, J.   The defendants sent to the plaintiffs an itemized statement of the account between them, showing balance due plaintiffs of $3,210.46, for which a check was sent in the same letter, which stated: "We enclose you check for $3,210.46, which balances account with your good self."

The plaintiff received the letter, check and statement, and cashed the check.   On this uncontradicted testimony, his Honor instructed the jury, if they believed the evidence, to answer the issue in favor of the defendants.   *Harris v. Murphy,* 119 N. C., 34; 56 Am. St. Rep., 656.

There was no evidence to show fraud, imposition or mistake, and the charge of the Court is in accord with what this Court has said.   *Kerr v. Sanders,* 122 N. C., 635; *Cline v. Rudisill,* 126 N. C., 523; *Wittkowsky v. Baruch,* 127 N. C., 313.

Having accepted the check with a statement in the letter that it was for balance in full and cashed the check, the plaintiff is bound thereby in the absence of evidence of fraud or other conduct on the part of the defendants to relieve the plaintiff from the effect of its acceptance of the check in full payment.

No error.