A. H. COLVARD v. CAROLINA AND TENNESSEE SOUTHERN RAILWAY COMPANY.

(Filed 23 December, 1909.)

**Principal and Agent — Account Stated — Admissions — Receipt — Agent's Unauthorized Acts.**

Plaintiff, being indebted to a bank, delivered, at an agreed price and under a contract of purchase with defendant railroad, a certain number of crossties at said road and told defendant to send statement and certificate of the amount to the bank. Thereafter defendant accepted the ties, but at a reduced price, and sent statement accordingly to the bank and had the bank to receipt the statement "in full of above account." The plaintiff notified both the bank and the railroad company that he would accept the payment only in part. *Held*, (1) the account rendered by defendant to the bank was no more than an admission that it owed the plaintiff the sum stated therein; (2) the receipt of the bank was not in full of plaintiff's demand, but only in full for the amount stated; (3) there was no evidence to warrant the bank to receipt for plaintiff in full of his demand, and such receipt would not be binding upon him. *Kerr v. Sanders*, 122 N. C., 635; *Armstrong v. Lonon*, 149 N. C., 435, cited and distinguished.

APPEAL by defendant from *Ferguson, J.,* July-August Term, 1909, of SWAIN.

The facts are stated in the opinion of the Court.

*A. M. Fry* for plaintiff.
*Moore & Rollins* for defendant.

CLARK, C. J. The plaintiff delivered certain cross-ties upon defendant's right of way at an agreed price. Subsequently the defendant reduced the price of ties, and thereafter inspected and accepted plaintiff's ties and offered to pay the reduced price. This the plaintiff declined to accept. There was no dispute as to the number of ties.

The plaintiff, being indebted to the bank, told the defendant to send a statement and certificate of the amount due him to said bank. The account, when rendered, was for the proper number of ties, but calculated at the reduced rate and totaling $316.20, being $73 less than the amount due on the basis of the contract price. The plaintiff notified both the defendant and the bank that he would accept said sum only in part payment. The bank receipted in full "of above account."

The defendant introduced no evidence that the plaintiff ever intended or agreed to accept less than the contract price. The evidence is plenary and uncontradicted that he did not. The

account rendered was no more than an admission by the defend-
ant that it owed plaintiff $316.20. The bank's receipt was only
for the "above account," *i. e.,* for the amount due upon that ad-
mission. It did not purport to be in full of plaintiff's demands,
and had it been it would have been unauthorized. The defend-
ant showed no such authority, and, indeed, the evidence of the
bank and of the plaintiff was that the plaintiff refused to author-
ize the acceptance of the $316.20, except as part payment.

This case is totally different from *Kerr v. Sanders,* 122 N. C.,
635, and the cases cited under it in the annotated edition. There
a check was sent the creditor, reciting in the face of it "in full
for services." This the defendant endorsed and cashed, thereby
accepting it as full settlement. A later case is *Armstrong v.
Lonon,* 149 N. C., 435.

No error.