E. F. AYDLETT v. ANDREW BROWN.

(Filed 2 November, 1910.)

1. **Debtor and Creditor—Disputed Account—Check in Full—Satisfaction.**

    When a creditor receives and collects a check sent by his debtor upon condition that it shall be in full for a disputed account, he may not thereafter repudiate the condition annexed to the acceptance.

2. **Same—Independent Accounts—Intent—Evidence—Questions for Jury.**

    But when there is evidence tending to show that there were two independent accounts, and after a correspondence between the creditor and debtor as to one of them containing disputed items,

the latter sent the former a check "in settlement of all accounts which you may have against me to this date," it is for the jury to find the intent, upon the facts and circumstances of this case, as to whether this check was given and accepted to include the other account, now in suit, which the debtor had previously denied owing, and which, apparently, was not the subject of the correspondence, or intended to be covered by the check.

APPEAL from *Ferguson, J.,* at the January Term, 1910, of PASQUOTANK.

This action was brought to recover $1,000, the amount due by the defendant for professional services alleged to have been rendered by the plaintiff as his attorney. There were two accounts, one for $1,000, which was presented, and liability for the same or any part thereof denied by the defendant, and the other for $125, composed of several items, one of which was disputed. The defendant enclosed a check for $125 in a letter dated 14 January, 1910, which contained the following statement: "Your favor of the 13th inst. with enclosures as stated, received and contents noted, and I thank you for the same. I enclose check ($125) in settlement of all accounts which you have against me to this date. Kindly acknowledge receipt." At the request of the defendant, the plaintiff enclosed an itemized statement of the account for $125 in his letter of 13 January, to which the defendant's letter of the 14th was a reply, and there was no reference in the letter of the 13th to any other account. The defendant, while not pleading accord and satisfaction or payment, or referring in his answer to the account for $1,000 as having been settled, contends that the collection of the check by the plaintiff is a bar to his recovery of the $1,000, or any part thereof, in this action. The court instructed the jury to find, from all the evidence, whether the letter of 14 January, 1908, was intended by the parties to include the account for $1,000, upon which this action was brought, or only the transactions covered by the account for $125, which is made up of several items or accounts. There was a verdict for the plaintiff, and from the judgment thereon the defendant appealed.

*J. C. B. Ehringhaus, W. M. Bond, Pruden & Pruden, J. H. Sawyer* and *H. S. Ward* for plaintiff.

*A. O. Gaylord, W. A. Worth* and *N. T. M. Melliss* for defendant.

WALKER, J. We think, upon a consideration of the correspondence between the parties and the other evidence in the case, that this question was properly submitted to the jury. The court told them that if the account for $1,000 was within the contemplation of the parties when the check was sent and received, the action would be barred by the receipt and collection of the check, otherwise it was not. If a check is sent in full payment of a debt and the creditor receives and collects it, he is bound by the condition annexed to its acceptance. He will not be permitted to collect the check and repudiate the condition. *Kerr v. Sanders,* 122 N. C., 635; *Petit v. Woodlief,* 115 N. C., 120; *Cline v. Rudisill,* 126 N. C., 524; *Wittkowsky v. Baruch,* 127 N. C., 315; *Orr Co. v. Powers,* 130 N. C., 152; *Armstrong v. Lonon,* 149 N. C., 434; *Drewry v. Davis,* 151 N. C., 295. In this case there were two separate and independent accounts, and there is evidence to show that the defendant, by the words of his letter, "in settlement of all accounts which you may have against me to this date," did not have in his mind, at the time, the account for $1,000, the amount the plaintiff claimed under a special contract, and liability for which the defendant had expressly denied, but only the account for $125. In *Armstrong v. Lonon, supra,* the Court said, with reference to a similar point, which arose upon facts not any stronger than those presented in this case: "The check indicated on its face that it was sent in full payment to date thereof, and while this is not, under the circumstances of this case, conclusive, yet the receipt of it by the plaintiffs, their endorsement of it, and the retention of the money, is sufficient evidence to go to the jury that it was sent and received as a full payment and discharge of all indebtedness of defendant to plaintiffs, and so intended."

The letter of 14 January, 1908, was but one in a series of letters which passed between the parties during a lengthy cor-

respondence. Those which immediately preceded and followed
it refer only to the account for $125, and make no reference to
the other account for $1,000, which the plaintiff had said did
not exist. In his letter to the plaintiff of 9 December, 1907, the
defendant had distinctly refused to recognize the account for
$1,000. He even declined to arbitrate the differences between
them with reference to it, stating as his reason that there was
nothing to arbitrate. In his answer he does not even suggest
that there had ever been any accord and satisfaction of that
account, and he avers that he had never paid anything on it
or recognized it in any way. He defends by simply denying
that any liability ever existed. We are not considering the
question whether the answer can be amended so as to conform
it to the proof, but merely the omission to plead the letter and
check in bar of the action, as tending to show that the defend-
ant did not regard the check as any satisfaction of the account
for $1,000. But we need not rest our decision, even in part,
upon the omission to plead payment or satisfaction of the
account for $1,000, as we think the jury might well have
inferred from the correspondence that the check was given to
settle all disputes between the parties, as to matters which had
no connection with the account for $1,000. We adhere to our
former decisions that where a check is sent in full payment of
an account, the creditor cannot accept and appropriate the
check and afterwards recover the amount of any item which
was a part of the account. Having elected to take a part in
satisfaction of the whole, he will be held to his agreement, but
the principle of course does not apply to a transaction not
embraced by the account. Whether it is or not may often be
a question of law upon admitted facts, but sometimes the evi-
dence, as in this case, may be such as to make it a question for
the jury.

A case requiring the intervention of a jury to ascertain the
true intent of the parties, for the purpose of identifying the
account or indebtedness to which reference is made, where a
part of the amount alleged to be due is paid by check or other-
wise in satisfaction of the whole, must be exceedingly rare.

153—22

In the former decisions of the Court upon this subject there has apparently been no doubt as to the particular debt upon which payment of a part, in settlement of the whole, was understood to be made, and each of those decisions rested upon the solution of some other question than the one now being considered. We must bear in mind that the defendant had asked by letter for a statement of the account for $125, which was itself composed of several accounts about which there was a dispute, and that the plaintiff enclosed, in his letter of 13 January, 1908, the 'statement called for and requested the defendant to send him a check for the amount, and in his letter of the same date to the plaintiff, the defendant agreed to send the check to pay that account when he receied a copy of the judgment dismissing the Johnson suit. No mention is made of the present claim for $1,000 for other and distinct services rendered which had no connection whatever with the account for $125. It is also to be noted that the plaintiff had intimated that there might be one other charge for services added to the account for $125, and the defendant was anxious, apparently, to close up that account and prevent the addition of other items. At the time the letter of 14 January, 1908, was sent by the defendant, the parties were not negotiating for a settlement of the account for $1,000, and the plaintiff might fairly and reasonably have inferred from that letter, in view of the nature of the correspondence, that the defendant was referring only to the accounts which made up the claim for $125. No one can well read the correspondence without concluding that the letter of 14 January, 1908, referred to a series of accounts which did not embrace the present claim. If it had included that account, the general principle would apply, but to hold that plaintiff is concluded by the receipt and collection of the check, under the circumstances as they appear in this case, would be to decide contrary to the apparent intention of both parties.

The defendant alleged that the plaintiff had represented both parties to the litigation or controversy for professional services rendered to the defendant, in the settlement of which he now demands compensation. Evidence was introduced by the parties upon this question. It was fairly submitted to the jury,

under proper instructions, and they decided against the defendant.

There was some evidence for the jury to consider upon the other question, whether the plaintiff, at the request of the defendant, had rendered valuable services in the settlement of the litigation with W. H. Parrish and others. The motion for judgment as of nonsuit was, therefore, properly refused. There was no reversible error in the other rulings to which exceptions were filed.

No error.