BRYANT LUMBER COMPANY v. COPPOCK-WARNER LUMBER COMPANY.

(Filed 10 September, 1913.)

**Debtor and Creditor—Compromise and Settlement—Acceptance.**

> The debtor transmitted to his creditor his check or letter, which stated that according to his books it covered a statement said to have been inclosed, and which was omitted, with the request that the creditor should "go over the statement, and if it did not agree with his books, he would take the matter up with him later": *Held*, the acceptance of the check did not preclude as a compromise the creditor from recovering a larger amount found to be due him, this by the terms of letter being left open to future adjustment. *Aydlett v. Brown*, 153 N. C., 334, cited and distinguished.

APPEAL by defendant from *Cline, J.*, at May Term, 1913, of WILSON.

This action is to recover $829.71, alleged to be due the plaintiff for lumber delivered and services rendered to the defendant.

By consent, the issues raised were tried by a referee, who filed the following report:

1. That on or about 1 July, 1910, plaintiff and defendant had a settlement and adjustment of their mutual accounts, except as to the "Booth cars" hereinafter noted and explained.

2. That at the time of said settlement and adjustment the defendant owed the plaintiff the sum of $910.85 (not including the "Booth cars"), and paid to plaintiff at said time the sum of $900, leaving a balance due to plaintiff of $10.85.

3. That thereafter defendant became indebted to plaintiff as follows:

| | | |
|---|---|---:|
| July 18. | Work on lumber.............$ | 18.24 |
| July 20. | Work on lumber............. | 30.93 |
| July 21. | Work on lumber............. | 37.39 |
| July 21. | Car lumber, No. 18104....... | 286.28 |
| July 21. | Car lumber, No. 23157....... | 232.95 |
| July 22. | Car lumber, No. 26268....... | 231.68 |
| July 27. | Car lumber, No. 4441........ | 228.96 |
| July 30. | Car lumber, No. 70121....... | 354.10 |
| Freight advanced..................... | | 15.00 |
| Amount previously due and unpaid...... | | 10.85 |
| Total indebtedness for above items... | | $1,446.95 |

4. That on account of the above, defendant paid to plaintiff as follows:

| | | |
|---|---:|---:|
| July 28. | Check for..................$ | 773.01 | |
| Sept. 28. | Check for.................. | 162.40 | |
| Freights admitted by plaintiff in evidence. | 202.40 | 1,137.81 |
| Leaving balance due to plaintiff on above..... | | $ 309.14 |

5. That as to the "Booth cars," defendant owes plaintiff therefor the sum of $340.95. As to these cars, the referee finds in connection therewith that these cars, not containing the quality of lumber ordered and bought by defendant of plaintiff, plaintiff agreed with defendant that they might sell same to the best advantage they could and pay the net proceeds therefor to plaintiff, and the referee finds the net proceeds thereof to be $340.95, and this sum is now due by defendant to plaintiff on account thereof.

LUMBER CO. *v.* LUMBER CO.

### CONCLUSIONS OF LAW.

1. That the check of 28 September, 1910, from defendant to plaintiff for $162.40, was in full settlement of all sums due by defendant to plaintiff (except the "Booth cars") to that date, and being accepted by plaintiff, was, as a matter of law, full payment as stated. (*Aydlett v. Brown,* 153 N. C., 334, and citations.)

2. That defendant is indebted to plaintiff only for the sum of $340.95, the net proceeds of the "Booth cars," with interest thereon and costs.

The check for $162.40, referred to in the first conclusion of law, and which is the payment referred to in finding of fact No. 4, was inclosed in a letter, which is as follows:

                                        · September 28, 1910.

BRYANT· LUMBER COMPANY,
          ·*Wilson, N. C.*

GENTLEMEN :—We beg to inclose herewith our statement and check for $162.40, balance due you on this statement. According to our books, this includes all the shipments which you have made since we squared up your old account the latter part of March. This statement also includes the cars on which we paid you $900 when you were here on July 1st. Of course, when we say this takes in all your cars to the present date, we mean with the exception of the two Booth cars. We paid you on account of one of the Booth cars, amounting to $150, and we applied this amount on car No. 20020, which you billed us on June 15th. This latter car is included in this statement. Kindly go over this statement very carefully, and if same does not agree with your books, advise us, and we will take the matter up with you later.              Yours truly,

                    COPPOCK-WARNER LUMBER COMPANY.

The statement referred to in said letter was not inclosed in the letter, nor was there any evidence that the books  mentioned therein included the items in finding of fact No. 3.

The plaintiff excepted to the first conclusion of law, which was sustained, and the defendant excepted and appealed from the judgment rendered.

*Daniels & Swindell and W. A. Lucas for plaintiff.*
*Finch & Connor for defendant.*

PER CURIAM. So far as the record discloses, the defendant does not deny that it owes the plaintiff $650.09, the amount of the judgment appealed from, but it says it cannot be compelled to pay $309.14 of this amount, made up of the items in finding of fact No. 3, because the plaintiff accepted the check of $162.40, inclosed in the letter of 28 September, 1910.

The principle relied on, as illustrated by *Petit v. Woodlief,* 115 N. C., 125; *Kerr v. Sanders,* 126 N. C., 638, and *Aydlett v. Brown,* 153 N. C., 334, is well settled, but it has no application when the amount accepted does not purport to cover the amount in controversy, or when it is transmitted under circumstances showing that it was not the purpose to pay an amount admitted by the party charged to be due, but to make a payment on an indebtedness which was thereafter to be adjusted by the parties.

In the record before us, as the statement referred to in the letter of 28 September, 1910, was not inclosed, and the books were not introduced in evidence, there is nothing to show that the check of $162.40 purported to cover the items in finding of fact No. 3, nor is there anything that would justify us in denying to the plaintiff the right to recover $309.14, which the referee finds the defendant owes the plaintiff, to which finding the defendant does not except.

Again, the latter part of the letter of 28 September shows that the check was not sent in adjustment of account, or in payment of balance due, but "on account," the amount actually due to be thereafter adjusted by the parties.

We have carefully examined the record, but it was not necessary to do so, as the appeal might be dismissed for failure to assign errors.

Affirmed.