ISHAM ROSSER v. T. M. BYNUM ET AL.

(Filed 3 March, 1915.)

1. **Accord and Satisfaction—Disputed Accounts—Checks "in Full"—Acceptance—Rebuttal Evidence.**

    A check given and received by the creditor which purports to be in full of account to date does not conclude the creditor, accepting it, from showing that in fact it was not in full, unless, under the principles of accord and satisfaction, there had been an acceptance of the check in settlement of a disputed account.

2. **Evidence, Weight of—Positive Evidence—Trials—Instructions.**

    While in proper instances it will not be considered erroneous for the trial judge to charge the jury that more weight should be given to positive than to negative evidence, the rule is very restricted, and does not apply where there is a direct contradiction in the evidence of witnesses on a material fact to which their attention has been directed; and the application of the rule is reversible error where the testimony of this character is conflicting as to whether a check purporting to have been given in full had the appropriate words written on its face at the time it was given and accepted; as in this case "lbr. to date," meaning in connection with the facts presented, in full for lumber purchased to date.

**3. Evidence—Checks "in Full"—Custom—Similar Transactions.**

Where in payment for lumber it is controverted that a check given and accepted therefor stated thereon, at the time of its acceptance, that it was in full, it is competent for the maker of the check to show by significant and similar entries made by him on other checks in transactions of like nature that it was his custom to do so, as bearing upon the disputed fact at issue.

APPEAL by plaintiff from *Peebles, J.,* at March Term, 1914, of LEE. Civil action, heard on appeal from justice's court.

Plaintiff offered evidence tending to show that during 1911, beginning in May, he sold and delivered to defendants an amount of lumber at a stipulated price, and the balance due thereon was $107.01.

Defendant pleaded payment, and in support of the plea there was evidence tending to show that the lumber was all delivered prior to 31 August, 1911, and defendant put in evidence a check of defendant's on Bank and Trust Company in plaintiff's favor, of date 31 August, for $392.73; on face of said check were the words "For lbr. to date"; offered testimony tending to show that said check had been paid plaintiff and that the word "lbr." meant lumber.

In reference to this check and the entry thereon, the court held that if the jury should find that "lbr." meant lumber, and was on the check when plaintiff took it, that closed every particular of indebtedness for lumber up to that date and plaintiff could not recover unless he showed that, after that time, more lumber was delivered. Plaintiff excepted.

There was evidence of plaintiff to the effect that there was indebtedness for lumber and a balance still due thereon over and above the amount covered by defendant's checks. Plaintiff testified further that the word "lbr." was not on the check of 31 August when the same was drawn or taken by him. Defendant F. R. Snipes testified that said words were on the check when same was taken by plaintiff, and defendant was allowed, over plaintiff's objection, to introduce a number of other checks, drawn by defendant, showing lumber entries thereon and tending to show a custom of defendant to make entries of that kind on checks given in the course of its business and of this transaction. Plaintiff excepted.

In reference to the word "lbr." appearing on the check, and the testimony in reference thereto, the court, concerning other things, charged the jury as follows: "Now, the defendant pleaded payment, and he says he paid this check. The burden upon that issue is upon the defendant; he must satisfy you by the greater weight of evidence that this check was given for that lumber, and that those words 'lbr. to date' mean for lumber, and that those words were written on there at the time when the check was accepted by the plaintiff. The plaintiff swears that those words were not on there. The law says that when one man swears to a

negative fact and another swears to a positive fact, if they are both men of equal credibility, the jury ought to give more weight to a man who swears to a positive fact than a man who swears to a negative fact; for instance, if a witness were to go on the stand and say that he was in the courthouse yesterday and Sheriff Petty was in the courthouse, and another should go on the stand and swear that he was in the courthouse yesterday and Sheriff Petty was not in there, the law says both sides being of equal credibility, you ought to give more faith to the one who swore that Sheriff Petty was in the courthouse than the one who swore that he was not, because he might have been there and the man not have seen him or not had his attention called to it, and he might have been honestly mistaken; whereas a man who swears that he was in here could not be mistaken; Petty was either here or else that man told a willful falsehood. Now, here Rosser swore that those words were not on there when he accepted the check. Snipes swears that they were on there. Here is one man swearing to a negative and one to a positive fact, and it is for you to say which one is right and which one is wrong."

Plaintiff excepted.

There was verdict for defendant; judgment, and plaintiff appealed, formally assigning for error the exceptions above noted.

*A. A. F. Seawell, W. D. Siler for plaintiff.*
*Williams & Williams for defendant.*

HOKE, J. We do not concur in the view of the trial judge that if the words "lbr. to date" were on the check of 31 August when plaintiff took it they would necessarily conclude as to every particular of indebtedness for lumber up to that date.

It is well recognized that when, in case of a disputed account between parties, a check is given and received clearly purporting to be in full or when such a check is given and from the facts and attendant circumstances it clearly appears that it is to be received in full of all indebtedness of a given character or all indebtedness to date, the courts will allow to such a payment the effect contended for. The position is very well stated in *Aydlett v. Brown,* 153 N. C., 334, as follows: "That when a creditor receives and collects a check sent by his debtor on condition that it shall be in full for a disputed account, he may not thereafter repudiate the conditions annexed to the acceptance"; and is upheld and approved in numerous decisions of the Court, *Armstrong v. Lonon,* 149 N. C., 435; *Kerr v. Saunders,* 122 N. C., 635; *Pruden v. R. R.,* 121 N. C., 511; *Petit v. Woodlief,* 115 N. C., 125; *Koonce v. Russell,* 103 N. C., 179. A proper consideration of these and other cases on the subject will disclose that such a settlement is referred to the principles of

accord and satisfaction, and unless the language and the effect of it is clear and explicit it is usually a question of intent, to be determined by the jury.

On perusal of the record, we do not find that any dispute had arisen between the parties when this check was given, and, applying the doctrine as stated, we do not think the words, if they were on the check when received, are sufficiently definite or conclusive to be allowed the effect given them by his Honor, and that the question should be referred to the jury as to the intent of such an entry, and we must hold that there was error in the charge in reference to the testimony bearing on this matter.

As to the second proposition writers on evidence lay it down as the general rule that positive evidence is entitled to more weight than negative evidence (Moore on Facts, pp. 1337-38), and our decisions hold that while a judge is not required to lay this down as a rule of law, it will not be considered as reversible error when he does this in proper instances. *S. v. Murray,* 139 N. C., 540; *Glenn v. Bank,* 70 N. C., 191; *Smith v. McIlwaine,* 70 N. C., p. 287. But, on the facts presented here, this is not a case of positive and negative evidence, within the meaning of the rule. *Smith v. McIlwaine, supra; Reeves v. Poindexter,* 53 N. C., 308.

In *Smith's case* it was held: "A plaintiff being examined in his own behalf, and swearing that the defendant promised to pay a certain debt, the defendant swearing that he made no such promise, both witnesses being of equal credibility, is not entitled to have the jury charged by the court that as a rule of evidence the positive testimony was entitled to more weight than the negative testimony. Such rule is subject to so many exceptions as not to be of much practical use; and if carelessly administered may work much mischief," and in *Reeves' case* that, "Where A. swears that B., C., and D. had an important conversation together, and D. swears that no such conversation took place, it was held that the rule giving preference to affirmative, over negative, testimony does not apply, for there being a direct contradiction, the jury must be guided by other tests in ascertaining the truth"; and *Judge Manly,* delivering the opinion, in illustration of the principle, said: "With respect to the rule, it is clear that its applicability to any state of facts must depend upon whether the negative testimony can be attributed to inattention, error, or defect of memory. 1 Stark., 517. If two persons admit they were in a room together, and one swears that while there he heard a clock in the room strike, and the other swears that he did not hear it, it is a case for the application of the rule, according to all elementary writers. But in the case supposed, if two persons were placed in a room where a clock was, for the express purpose of ascertaining by

LUMBER CO. *v.* CEDAR WORKS.

their senses whether it would strike or not, a variance between their testimony could not be well attributed to mistake or inattention, and the real question would be as to the credit of the witnesses. In the case before us the defendant proves by a witness that the parties held a certain conversation, in which a witness, previously introduced by the plaintiff, participated, and plaintiff's witness, being recalled, denies that any such conversation was held; this is not a question between affirmative and negative testimony, wherein the latter may be ascribed to inattention, but it is a question between witnesses who contradict each other, and the question is, To which side, under all the circumstances, is credit due?"

In the case before us there is a direct contradiction between the witnesses on a material fact to which their attention was directed, and the issue should have been submitted to the jury without comment as to the existence and application of the rule referred to. On the disputed question as to the existence of the entry, "lbr. to date," on the face of the check, we think his Honor correctly ruled that significant and similar entries by defendant on other checks and tending to show a custom to make such entries by the parties in this and transactions of like nature, was competent and that the same were properly received in evidence. *Parrott v. R. R.,* 140 N. C., pp. 546-549; citing 1 Wigmore, sec. 92; *Matthias v. O'Neal,* 94 Mo., 527.

For the reasons stated, we are of opinion that reversible error has been shown and plaintiff is entitled to a new trial of the issues.

Error.