BOGERT & HOPPER v. HENDERSON MANUFACTURING COMPANY.

(Filed 18 October, 1916.)

**Accord and Satisfaction—Compromise—Disputed Account—Consideration—Statutes.**

> Where the debtor contracted for goods to be delivered to him at stated intervals, and after a part had been delivered, for which payment had become due, he requested the creditor to cancel the balance of the contract and sent a check in full, and there is no dispute about the amount due for either the part of the goods received or the balance obligated for by the purchaser, by accepting the check the seller had the right to assume that it was in full for only the amount then due him, and it was without consideration as to the balance of the goods then to be furnished, and was not a compromise within the meaning of the Revisal, sec. 859.

APPEAL from a justice of the peace, tried before *Stacy, J.,* May Term, 1916, of VANCE, upon the following issue:

Is the defendant indebted to the plaintiff? Answer: "No."

From the judgment rendered, the plaintiff appealed.

*J. H. Bridgers for plaintiff.*
*A. C. and J. P. Zollicoffer for defendant.*

BROWN, J. The undisputed facts in this case are as follows: The defendant was a manufacturer of buggy bodies in the town of Henderson, N. C. It purchased from the plaintiffs 100,000 white birch spindles, to be shipped 10,000 per month at $2.40 per thousand. In pursuance of this contract, the spindles were manufactured by the plaintiffs and $64.44 worth of them at contract price were shipped to the defendant.

About 15 September, 1914, the plant of the defendant was destroyed by fire, and it notified the plaintiffs and asked to be released from the obligation to take the remainder of the spindles, all of which had then been manufactured except 6,350. The plaintiffs declined to release the defendant, and on 1 December, 1914, demanded payment for those spindles which had been shipped, amounting to $64.44, and also those which had been then manufactured on plaintiffs' order.

On 9 December, 1914, defendant wrote the plaintiffs a letter in reply to an account which the plaintiffs had rendered the defendant for the $64.44, as well as $170.64 for the spindles which the plaintiff had completed and offered to deliver, and from the payment of which the defendant asked to be released.

In this letter defendant said, among other things "After business opens again, you will have no trouble disposing of the spindles, we trust,

and see no reason why you should. Check inclosed for $64.44, which is for all account in full to date; no receipt necessary." The check was as follows, with the indorsement:

HENDERSON, N. C., 9 December, 1914.

THE CITIZENS BANK OF HENDERSON (66-141)

Pay to the order of BOGERT & HOPPER......................'($64.44) sixty-four and 44/100 dollars.

HENDERSON MANUFACTURING COMPANY,

For account in full.                         N. B. POWELL,
In full account to date.           *Secretary and General Manager.*

*Pay to the order of*
*Closter National Bank.*
*Bogert & Hopper.*

We are of opinion that upon all the evidence the court should have instructed the jury that the plaintiffs were entitled to recover. The cases relied upon by the defendant, based upon our statute, Revisal, sec. 859, do not warrant the contention that the check sent by the defendant to the plaintiff was intended by the parties to be in full compromise of settlement of the entire transaction. The check was for the exact amount of the spindles which the defendant had received, and was bound to pay for. It was not in settlement of any part of the spindles which had been manufactured for the defendant but which had not been delivered. The plaintiffs, when they accepted this check, had a right to suppose that it was sent in settlement of the debt which the defendant admitted it owed. If the check had been made out for a larger sum than $64.44, there might be some plausibility in the defendant's contention that the check was in compromise and settlement of the entire transaction; but inasmuch as it paid nothing more than the defendant admitted it owed at the time it sent the check, it furnished no consideration whatever for a release from the debt of $170.64 which the defendant owed for the remaining spindles.

Our statute, Revisal 1908, p. 858, sec. 859, declares that, "In all claims, or money demands of whatever kind, and howsoever due, where an agreement shall have been or shall be made and accepted for a less amount than that demanded or claimed to be due in satisfaction thereof, the payment of such less amount according to any such agreement in compromise of the whole shall be full and complete discharge of the same."

When the defendant remitted a check for the exact amount which it admitted it owed and which it was compelled to pay, the plaintiffs

had a right to suppose that it was intended to be in full of that debt. It could not reasonably be said that it was in compromise of anything. When a creditor receives and collects a check sent by a debtor upon condition that it shall be in full for a disputed account, he may not thereafter repudiate the condition annexed to the acceptance. That principle is well settled. But where the facts are that there are two independent items of account, both of which the defendant admits he owes, and seeks a release from one of them, which the creditor refuses and he sends a check in full for the exact amount of the other, the creditor has a right to infer that it is in settlement of that item, and not of the other.

The principle of law applicable to this case is that laid down in *Rosser v. Bynum,* 168 N. C., 340, viz.: "A check given and received by the creditor which purports to be in full of account to date does not conclude the creditor, accepting it, from showing that in fact it was not in full, unless, under the principles of accord and satisfaction, there had been an acceptance of the check in settlement of a disputed account."

It is true, plaintiffs did not request the court to charge that upon all the evidence plaintiffs are entitled to recover, but they did except to parts of the charge wherein the court left the matter for the jury to determine as to how the check was received. That was erroneous. Instead, the court should have instructed the jury that the check was not sent or received in settlement of a *disputed* account.

None of the account was disputed, and no offer of compromise was made or accepted. The defendant had only paid for the spindles he had received, and asked to be released from payment for the remainder, which request plaintiffs had refused.

New trial.