## SYLVA SUPPLY COMPANY v. W. W. WATT.

(Filed 3 June 1921.)

**Compromise—Acceptance of Check, in Full—Accord and Satisfaction—Debtor and Creditor.**

A creditor who accepts and cashes a check whereon is written that it is a settlement in full, being for a disputed account, may not, without having first made a valid agreement to the contrary, repudiate the conditions upon which he was to have accepted it; and this principle applies when his own account for goods sold and delivered is not disputed, but a deduction is claimed by the sender of the check for damages he claims in a different matter.

APPEAL by defendant from *Webb, J.,* at October Term, 1920, of JACKSON.

Civil action to recover an alleged balance due on a grocery account.

The plaintiff rendered the defendant a statement of his account, and in response to same, the defendant deducted $45 from the bill for damages done to his automobile by the plaintiff's truck driver and mailed plaintiff a check, stating it was "in settlement of account." The plaintiff cashed the check, and there was evidence tending to show that a letter was written to the defendant containing the information that plaintiff would not allow said deduction, as the damage to the car would not exceed eight or ten dollars, but defendant testified that this letter was never delivered. Plaintiff also stated that suit would be necessary in order to settle the alleged claim for damages. Later defendant received another and revised statement of his account, and in reply thereto he again deducted the $45, calling attention to what it was for, and mailed his check to cover the difference, stating this "balances the account between us."

Plaintiff deposited the check and credited same on defendant's account, and then brought suit for the alleged balance of $45. Defendant denied liability and contended that the account had been settled by reason of the acceptance of the checks as above detailed.

Defendant moved for judgment as of nonsuit at the close of the plaintiff's evidence and again at the close of all the evidence. Motions overruled and exceptions.

From a verdict and judgment in favor of plaintiff for $45, interest and costs, the defendant appealed.

*Felix E. Alley for plaintiff.*
*Sutton & Stillwell for defendant.*

STACY, J. It will be observed that the defendant's claim of $45 for damages to his automobile had been brought to plaintiff's attention and

the parties were in sharp dispute about the matter. The amount to be allowed and the method of adjustment were both in controversy. It is true the grocery account was not denied, but it clearly appears that defendant's first check was sent "in settlement of account," and the second was enclosed in a letter containing the statement that this "balances the account between us." The item of $45 for damages to the automobile was deducted in both instances. There was no ambiguity or grounds for misunderstanding defendant's tender and offer of settlement. Obviously he wanted to adjust all of their differences at one and the same time. The plaintiff had its choice, and we think it is precluded by its acceptance and election knowingly made. The check should have been returned if the conditions of its acceptance were not satisfactory, or at least, the defendant should have been given an opportunity to say whether he would waive the conditions and allow the check to be credited on account.

"If a check is sent in full payment of a debt, and the creditor receives and collects it, he is bound by the condition annexed to its acceptance. He will not be permitted to collect the check and repudiate the condition." *Aydlett v. Brown,* 153 N. C., 334. And again, in *Rosser v. Bynum,* 168 N. C., 340, the rule is stated as follows: "It is well recognized that when, in case of a disputed account between parties, a check is given and received clearly purporting to be in full, or when such a check is given and from the facts and attendant circumstances it clearly appears that it is to be received in full of all indebtedness of a given character or all indebtedness to date, the courts will allow to such a payment the effect contended for," citing *Armstrong v. Lonon,* 149 N. C., 435; *Kerr v. Saunders,* 122 N. C., 635; *Pruden v. R. R.,* 121 N. C., 511; *Petit v. Woodlief,* 115 N. C., 125; *Koonce v. Russell,* 103 N. C., 179. See, also, *Mercer v. Lumber Co.,* 173 N. C., 49.

Plaintiff contends that the correctness of the grocery account was not in dispute and that the principles of accord and satisfaction are therefore not applicable to the facts here presented (*Bogert v. Mfg. Co.,* 172 N. C., 248), but we must view the case in all of its bearings. The parties were caviling as to whether any allowance should be made for damages to defendant's automobile in settling the store account. In other words, they were contending over the question as to whether the two claims should be considered and settled together by deducting the one from the other and paying the balance, or divorce the two and consider them separately. Upon the basis of adjusting both accounts at the same time, defendant mailed his check for the difference between the two, and this was accepted by the plaintiff. Under these circumstances—the facts being admitted and not denied—we think the defendant's motion for judgment as of nonsuit should have been allowed.

Reversed.