### M. V. BLANCHARD v. THE EDENTON PEANUT COMPANY.

(Filed 14 September, 1921.)

**1. Accord and Satisfaction—Compromise—Offer—Acceptance—Evidence —Questions for Jury.**

The principle upon which the debtor is discharged of his obligation when the amount is in dispute, by the creditor's accepting a less sum with knowledge that it was intended to be received in full payment, may not be determined as a matter of law when, from the evidence, a reasonable inference may be drawn that it was not accepted with knowledge of the debtor's intent, that it was to be in full of account, and when the evidence is conflicting and in parol it raises a question for the jury.

**2. Same—Evidence.**

Where, the evidence tends to show that the amount of a debt was in dispute between the debtor and the creditor, and the former sent the latter a check for a less amount than claimed by him, together with his statement, without anything written as to its being received in full or definitely understood that it was to be so received, the mere fact that the creditor knew that the check was for the full amount claimed by the debtor to be due, does not alone amount to a discharge; and where the evidence is conflicting as to whether it was so received, or as to the intent of its acceptance, it raises a question for the determination of the jury.

APPEAL by plaintiff from *Allen, J.,* at March Term, 1921, of GATES.

Civil action to recover damages for an alleged breach of contract and loss of commissions growing out of the purchase and sale of certain peanuts during the year 1920. Plaintiff contends that by agreement he purchased said peanuts as agent for defendant. There was ample evidence tending to show the existence of a contract between the parties and a breach thereof, but defendant pleads in bar a settlement by way of accord and satisfaction.

Plaintiff received from the defendant a statement of his account accompanied by a check to cover the balance as shown upon said statement. This was not posted or mailed, but sent by one L. M. Blanchard, plaintiff's partner in the guano business.

Touching the receipt and acceptance of said check the plaintiff testified as follows: "I did not accept this check in full settlement of the accounts due me. The statement shown me is the one I received along with the check. (Statement was offered in evidence and bears the notation: 'We enclose check to cover.') Mr. L. M. Blanchard handed it to me and said: 'Here is what they sent you. I don't know what it is; take it.' I did not know they claimed it to be in full at that time. There is nothing on the face of the check showing or saying that it is in full."

"Q. You know that they claimed it was in full of the balance that they claimed was due you?  A. That is what they claimed.

"Q. You knew that they claimed this check was to cover all that they owed you up to that date?  A. Yes, that is what they claimed; that was all they claimed to owe me.

"Court: What do you mean by saying they claimed?  A. No, I didn't know that was all they claimed then.

"Court: You didn't admit that the check was all, but you knew that was what they claimed it was?  A. Yes, but I didn't think that was all they were going to pay me.  I was satisfied they would pay me the remainder of it.  I knew it was not my fees.

"Court: Did you know that they claimed that was in full at that time? No, I did not.

"Court: You knew that was what they claimed when L. M. Blanchard brought it to you?  A. He handed it to me and said: 'Here is what they sent you.'  I looked it over, and I think I remarked to him: 'This is not all they owe me.'  I thought maybe they would send me some more.

"Court: You knew at the time that they claimed that was all that was due you and you claimed it was not?  A. Yes, sir."

At the close of plaintiff's evidence defendant moved for judgment as of nonsuit, which motion was allowed, and plaintiff appealed.

*A. P. Godwin and Ehringhaus & Small for plaintiff.*
*Meekins & McMullan for defendant.*

STACY, J.  Considering the evidence in its most favorable light for the plaintiff, the accepted position on a motion to nonsuit, we think the question of settlement by way of accord and satisfaction sufficiently ambiguous to require the aid and verdict of a jury.

Under a uniform construction of our statute, C. S., 895, as announced in a long line of decisions, it is held with us that where two parties are in dispute as to the correct amount of an account, and one sends the other a check, or makes a payment, clearly purporting to be in full settlement of the claim, and the other knowingly accepts it upon such condition, this will amount to a full and complete discharge of the debt. *Mercer v. Lumber Co.,* 173 N. C., 49; *Aydlett v. Brown,* 153 N. C., 334; *Kerr v. Sanders,* 122 N. C., 635, and numerous cases of like import. The law as it prevails in this jurisdiction is succinctly stated by *Mr. Justice Hoke* in *Rosser v. Bynum,* 168 N. C., 340, as follows:

"It is well recognized that when, in case of a disputed account between parties, a check is given and received clearly purporting to be in full or when such a check is given and from the facts and attendant circumstances it clearly appears that it is to be received in full of all indebted-

ness of a given character or all indebtedness to date, the courts will allow to such a payment the effect contended for," citing a number of authorities, and this has been approved in the recent case of *Supply Co. v. Watt,* 181 N. C., 432.

The case of *Ore Co. v. Powers,* 130 N. C., 152, chiefly relied on by defendant, is not at variance with the rule above stated, nor is it more favorable to defendant's contention, for, as appears from the last paragraph of the opinion in that case, the check in question was sent in full settlement of account, and this condition was annexed to its acceptance. An examination of the original papers discloses this fact more clearly than is shown by the report as published.

But it is equally well established that unless the intention of the parties, as gathered from the facts in evidence, is so clearly apparent as to admit of no doubtful inference or uncertain conclusion, among men of fair, disinterested and unbiased minds, the issue must be referred to a jury. This position is well stated in *Mercer v. Lumber Co., supra,* as follows:

"It is a well recognized principle here and elsewhere that when a dispute exists between two parties as to the amount of an account, and one sends another a check or makes a payment clearly purporting to be in full settlement of the claim, and the other knowingly accepts it, this will amount to an adjustment, and further action thereon is precluded. It is a question, however, of the intent of the parties, as expressed in their acts and statements at the time, and unless, on the facts in evidence, this intent is so clear that there could be no disagreement about it among men of fair minds, the issue must be decided by the jury."

In the case at bar, we do not think it appears unequivocally that the check was sent on condition that its acceptance should amount to a settlement in full, or as a complete discharge of the debt. This may be a permissible view to take of the evidence, but not necessarily the only one. The sending of the check to cover what the defendant claimed was the balance due on the account does not *ipso facto* show conclusively that an accord and satisfaction was the condition annexed to its acceptance. The ultimate fact can only be determined by a jury under proper instructions from the court.

The contention that the plaintiff's testimony is self-contradictory and that he should be held to his admissions, or bound by the hurtful parts thereof, cannot avail the defendant on the present record; for, conceding without deciding that such a conflict exists, still, under our decisions, this does not perforce destroy his favorable testimony, but only affects its credibility, which the jury alone may pass upon. *Loggins v. Utilities Co.,* 181 N. C., 221; *Christman v. Hilliard,* 167 N. C., 4, and *Shell v. Roseman,* 155 N. C., 90.

The judgment of nonsuit will be set aside and the cause remanded for trial upon appropriate issues.

Reversed.

CLARK, C. J., concurring: Concurring in all that *Mr. Justice Stacy* has so clearly stated, the very great importance of the principle at issue, especially to farmers and all other shippers of produce, may justify some additional reasons being given. The mere sending of the statement of an account with check for the balance set out therein, accompanied by a statement, more or less explicit, that such sum is all that is due will not of itself bind the sendee. There must be an explicit acceptance or agreement by the receiver that the account is assented to and that the check is accepted in full. It is not the assertion of the sender, but the assent of the sendee, which makes the settlement. When the check on its face states that it is "in full," its use with the endorsement of the receiver is such acceptance in the absence of fraud or misrepresentation.

But the mere receipt of the statement of an account and the use of the check sent with it for the amount of the balance the sender alleges to be due is not an estoppel. This can be effected only by an acceptance of the check, or of the amount paid with a knowledge of the facts and an agreement that it is received in full, or by the retention of the account stated, and check without objection for such length of time that the jury may infer as a fact that it was accepted as correct. *Hawkins v. Long,* 74 N. C., 781.

Indeed, at common law and up to ch. 178, Laws 1874-5, now C. S., 895, the acceptance of a lesser amount in payment with full acknowledgment that it is in payment of a larger amount was not valid. *Fickey v. Merrimon,* 79 N. C., 585. Since that statute a full and voluntary acceptance of a smaller amount in payment of a larger sum, voluntarily and with full knowledge of the facts, is binding as a settlement in the absence of fraud.

It would be a serious inconvenience and injustice, to the farmers and the like especially, if the mere receipt of the account sales of produce stating that the balance therein set out was all that was due and the use of the checks sent therewith should prevent the creditor from making claim thereafter that the statement was incorrect or that the amount sent was less than it should have been when there is no express acknowledgment by the recipient that the check was accepted in full payment. If this were not so, the factor or commission merchant could force the consignor of produce to accept a lesser sum than was really due by compelling him to lay out of the use of the entire sum due him from the

sales of his crop until the matter was litigated, or otherwise adjusted.

Few commission merchants or other factors would attempt to force their consignors to accept their statements as true by sending checks stating on their face that they are "in full settlement," and certainly the law does not require that checks not so stating shall be accepted "in full settlement." Those words must be written in the face of the check or there must be an express agreement that the check is accepted in full settlement with full knowledge that it is a release of liability or such lapse of time after receipt of the statement and check, without any objection that the jury may infer acceptance of the balance as stated by the account as correct.