NORFOLK SOUTHERN RAILROAD COMPANY v. RAPID TRANSIT
COMPANY.

(Filed 14 March, 1928.)

**Injunctions—Continuing to Hearing—Grounds—Trespass—Insolvency.**

When a continuous trespass is sought to be enjoined, and the rights of
the parties require the determination of the jury upon conflicting evidence,
and irreparable injury for the continued trespass will likely follow, the
courts will ordinarily continue the cause to the hearing to prevent further
litigation, cost, and trouble, when no harm thereby can be done, 'irre-
spective of the solvency of the alleged trespasser.

APPEAL by plaintiff from *Harris, J.,* at January Term, 1928, of PITT.

Civil action to enjoin defendant from trespassing upon plaintiff's
property, it being alleged that irreparable damage has been and will
continue to be suffered from defendant's wrongful acts, which it
threatens to continue *ad libitum* and has persistently repeated, notwith-
standing notice and demand to desist.

The temporary restraining order entered in the cause was dissolved,
from which plaintiff appeals, assigning error, because said order was
not continued to the hearing.

*F. G. James & Son for plaintiff.*
*J. Con Lanier for defendant.*

STACY, C. J. The facts are in dispute; they can be determined only
by a jury. A continuous trespass may be enjoined, without an allegation
of insolvency. C. S., 844; *Kinsland v. Kinsland,* 188 N. C., 810, 125
S. E., 625; *Cobb v. R. R.,* 172 N. C., 58, 89 S. E., 807. And where it
can do no harm to grant the injunction, and a refusal is likely to subject
one of the parties to further litigation, cost and trouble, the court will
ordinarily interfere by orders until the facts can be found and the way
made clearer. *McCorkle v. Brem,* 76 N. C., 407. See, also, *D. L. & W.
R. R. Co. v. Morristown,* U. S., decided 20 February, 1928.

Error.

STANDARD OIL COMPANY v. W. C. MOORE ET AL.

(Filed 14 March, 1928.)

**Trial—Motion to Nonsuit—Evidence Held Sufficient to Go to Jury.**

It is error to grant a judgment as of nonsuit in plaintiff's action to
recover for goods sold and delivered when there is evidence tending to
show that a check marked paid, introduced in the trial, did not cover the

20—195

transaction, though upon its face it purports to be "in full of all accounts to date." *Refining Corporation v. Sanders*, 190 N. C., 203, and other cases cited as controlling.

APPEAL by plaintiff from *Cranmer, J.,* at December Term, 1927, of LENOIR.

Civil action to recover $631.05, with interest, for goods sold by plaintiff and delivered to defendants on what is styled the "Columbia account."

The defendants offered in evidence a check for $3,681.98, made payable to the plaintiff, bearing notation: "Payment in full of all accounts to date," and contended that the account in suit was covered by said payment.

But there was evidence that this check was given to plaintiff's agent at Kinston and that it only covered accounts in his district, which did not include the Columbia account.

From a, judgment of nonsuit entered at .the close of all the evidence the plaintiff appeals.

*Cowper, Whitaker & Allen for plaintiff.*
*F. E. Wallace and Shaw & Jones for defendants.*

STACY, C. J.  Reversed on authority of *Refining Corporation v. Sanders,* 190 N. C., 203, 129 S. E., 607, and *Bogert v. Mfg. Co.,* 172 N. C., 248, 90 S. E., 208.

Reversed.

---

### STATE v. ROBERT HARRIS.

(Filed 14 March, 1928.)

**Criminal Law—Variance Between Proof and Indictment—Dismissal and New Bill.**

Where an indictment alleges the larceny of certain goods as the property of a certain person, proof that it was that of a different person is a fatal variance from the allegation of the indictment, and the action will be dismissed with leave of the solicitor to draw another bill.

APPEAL by defendant from *Harris, J.,* at December Term, 1927, of GREENE.

Criminal prosecution tried upon an indictment charging the defendant and another with larceny.

Verdict: Guilty.