SHAPLEIGH HARDWARE COMPANY v. FARMERS FEDERATION, Inc.

(Filed 6 June, 1928.)

**Accord and Satisfaction—Nature of Agreement—Accepting Check in Payment of Disputed Sum—Sales.**

> When the purchaser claims a reduction from the purchase price of the goods sold and delivered in consequence of an alleged inferiority of quality, deducting the amount of the damages claimed, and sends a check in a less sum than that demanded by the seller, with a letter stating that the check was in full, a controversy arises between them as to the correct amount due, and the acceptance of the check and receiving the money thereon is a valid settlement, binding upon the seller.

CIVIL ACTION before *Schenck, J.,* at November Special Term, 1927, of BUNCOMBE.

The evidence tended to show that in the fall of 1925, a traveling salesman and agent of the plaintiff sold to the defendant a certain lot of automobile tires. The salesman represented the tires to be the best line put on the market by the plaintiff, and that "they would rank with anything that was being sold on the market as to quality and workmanship," and that they were "as good ones as anything on the market." After the

purchase had been made and the tires delivered the defendant sold the tires to various customers. Soon complaints began to be made to the defendant with respect to the quality of the tires. There was testimony adduced in behalf of the defendant that on several occasions complaint had been made to the agent that the tires were not giving satisfaction and that as a matter of fact seventy-five per cent of the tires sold by the defendant were returned by the purchasers. Thereafter on 21 June, 1926, the defendant wrote a letter to the plaintiff at St. Louis, Missouri, in which letter it was stated, "He also wants to get in touch with your salesman relative to a discount on these tires before the check is mailed." Plaintiff acknowledged receipt of this letter on 24 June, stating, "We consider that while the matter of tires is being investigated we should be favored with a good substantial remittance to apply on account—say a check for at least $2,500 or $3,000," etc. Thereupon on 14 August, 1926, the defendant wrote the following letter to the plaintiff: "You will please find enclosed complete settlement of our account to date, with the exception of one invoice of $110 covering shipment of knives made to our Fletcher warehouse, which is not due until 1 January, 1927. This account we will settle promptly when due. We are returning what tires and tubes we had on hand by freight. You will note from our invoice enclosed, that we have invoiced them back to you at same prices that they were invoiced to us. There were 108 tires and 108 tubes as per invoice enclosed, amounting to $1,426.37. You will also note an exhibit of invoice due you in the amount of ....... ....... ..................... $4,115.87

    Tires returned ... ....... ........................... .. . .......... .. ... ..    1,426.37
    Less credit memorandum .... ............................ . ..... ..       22.00

                                                      $2,667.50
    Less freight credit .................................................. . .. ..       .26

                                                      $2,667.24

"You will find checks enclosed which total the amount of $2,667.24. This completes the settlement with the exception of the one invoice mentioned above.

"Trusting that you find this satisfactory, we are, sincerely yours, Farmers Federation, Inc., W. Z. Penland, assistant secretary and treasurer."

Three checks aggregating $2,667.24 referred to in said letter and enclosed therein, were received by the plaintiff, endorsed and collected. However, on 18 August, the plaintiff wired the defendant that it could not accept the tires.

The plaintiff brought this suit against the defendant alleging that the defendant was indebted to it in the sum of $1,681.81. The defendant pleaded accord and satisfaction arising from the return of the merchandise and the cashing of the checks referred to in the letter of 14 August. The evidence of the plaintiff is not set out in full in the record, but the record does disclose that "plaintiff thereupon introduced evidence tending to contradict all of the material evidence offered by the defendant, but which is not deemed pertinent upon this appeal, since by the subsequent ruling of the court the jury was not permitted to pass upon the evidence in the case."

At the conclusion of all the testimony the trial judge nonsuited the counterclaim set up by the defendant and directed a verdict against the defendant for the sum alleged in the complaint, from which judgment the defendant appealed, assigning error.

*Lee, Ford & Coxe for plaintiff.*
*Carter & Carter for defendant.*

BROGDEN, J. In *Ore Co. v. Powers,* 130 N. C., 152, 41 S. E., 6, the debtor sent a check to a creditor by letter which stated: "We enclose you check for $3,210.46 which balances account with your good self." This Court upon such fact declared the law to be: "Having accepted the check with a statement in the letter that it was for balance in full and cashed the check, the plaintiff is bound thereby in the absence of evidence of fraud or other conduct on the part of the defendants to relieve the plaintiff from the effect of its acceptance of the check in full payment." *Thomas v. Gwyn,* 131 N. C., 460, 42 S. E., 904; *Armstrong v. Lonon,* 149 N. C., 434, 63 S. E., 1011; *Aydlett v. Brown,* 153 N. C., 334, 69 S. E., 243.

It will be observed that the *Powers case, supra,* and the case of *Kerr v. Sanders,* 122 N. C., 635, 29 S. E., 943, and that line of cases, contain no reference to a disputed account. Dispute as an essential element of accord and satisfaction in such cases apparently appeared in the law for the first time in the case of *Rosser v. Bynum,* 168 N. C., 340, 84 S. E., 393, and later followed in *Bogert v. Mfg. Co.,* 172 N. C., 248, 90 S. E., 208, and cases subsequent thereto. *Supply Co. v. Watt,* 181 N. C., 432, 107 S. E., 451; *Blanchard v. Peanut Co.,* 182 N. C., 20, 108 S. E., 332; *DeLoache v. DeLoache,* 189 N. C., 394, 127 S. E., 419; *Dredging Co. v. State,* 191 N. C., 243, 131 S. E., 665.

The principle announced in the later decisions is thus expressed in *Rosser v. Bynum, supra:* "It is well recognized that when, in case of a disputed account between parties, a check is given and received clearly purporting to be in full or when such check is given and from the facts

and attendant circumstances it clearly appears that it is to be received in full of all indebtedness of a given character or all indebtedness to date, the courts will allow to such a payment the effect contended for."

There is evidence in the record tending to show that a bona fide controversy had arisen between the parties prior to the letter of 14 August, 1926, in which the checks were enclosed. In view of this situation the element of dispute or controversy was a fact to be determined by the jury. Therefore it was error for the trial judge to withdraw the case from the jury. The parties are entitled to have the whole controversy tried upon its merits.

Reversed.