F. M. YOUNGBLOOD, CHAS. P. MOODY, G. D. MOODY, H. B. ASBURY, AND W. F. MOODY, PARTNERS, TRADING AS F. M. YOUNGBLOOD & COMPANY, v. HUGH E. TAYLOR.

(Filed 27 November, 1929.)

1. **Accord and Satisfaction A a—Where there are two accounts a check for account in full for amount of one is not satisfaction of the other.**

Where the defendant maintains two accounts with the plaintiff, one for dry goods and one for groceries, his check cashed, purporting upon its face for account in full, drawn for an amount corresponding with one

account then due, cannot be successfully set up as an accord and satisfaction for them both, the other account not being due when the check so stated and given and received.

**2. Interest A a—Where judgment is recovered on an account the interest runs from the time amount was due.**

Where a judgment has been correctly rendered as to the amount of an account due by the defendant to the plaintiff, but the interest according to the judgment appears to have been awarded from the wrong date, upon consent of the parties as to the correct amount of the interest, the judgment will be accordingly modified and affirmed on appeal.

APPEAL by defendant from *Stack, J.,* at September Term, 1929, of ROWAN.

Civil action to recover $183.10, with interest from 30 December, 1927, alleged balance due on "dry goods" store account.

From a verdict and judgment in favor of plaintiffs for $183.10, with interest from 21 June, 1927, the defendant appeals, assigning errors.

*Armfield, Sherrin & Barnhardt for plaintiffs.*
*George R. Uzzell for defendant.*

STACY, C. J. It is in evidence that on 1 August, 1927, defendant gave plaintiffs a check for $379.81, with notation, "For Acct. in full," appearing thereon, which was cashed by plaintiffs. Defendant pleads this check in bar of plaintiff's claim, under the principle of accord and satisfaction as announced in *Hardware Co. v. Farmers Federation,* 195 N. C., 702, 143 S. E., 471, and cases there cited.

It appears, however, that the check of 1 August, 1927, was for the exact amount of defendant's "grocery account," and that his "dry goods account" of $183.10 was not then due. Plaintiffs' right to recover for the undisputed "dry goods account" is supported by the decisions in *Oil Co. v. Moore,* 195 N. C., 305, 141 S. E., 926, *Refining Corp. v. Sanders,* 190 N. C., 203, 129 S. E., 607, and *Bogert v. Manufacturing Co.,* 172 N. C., 248, 90 S. E., 208.

But as the dry goods account was not due until 30 December, 1927, it was error to allow interest from 21 June, 1927. This was an inadvertence, and plaintiffs consent to a modification of the judgment. As thus modified, the verdict and judgment will be upheld.

Modified and Affirmed.