THE PLANTERS' AND FARMERS' NATIONAL BANK OF BALTI-MORE v. THE FIRST NATIONAL BANK OF WILMINGTON, N. C.

If a principal constitutes an agent to do a business which obviously or reasonably cannot be done by the agent except through a sub-agent ; or if there is, in relation to that business, a known and established usage of substitution, in either case the principal would be held to have expected and authorized such substitution.

CIVIL ACTION commenced before a magistrate and tried on appeal by McKoy, J., at Spring Term, 1876, of New Hanover Superior Court.

The following is the statement of the case sent up with the record to this Court :

On or about the 20th September, 1873, the plaintiff sent to defendant for collection a draft in plaintiff's favor on one Adams, then residing in Washington, N. C., for $87.58. The defendant transmitted it to the banking house of Burbank & Gallagher, in Washington, N. C., for collection, who collected the draft and failed before turning the money over to defendant. At the time the draft was sent to Burbank & Gallagher they were in good standing and credit, and regarded as entirely solvent.

The defendant was to receive no compensation for collecting the draft.

Upon these facts his Honor gave judgment for the defendant. Appeal by plaintiff.

No counsel for plaintiff in this Court.
*Strange*, for defendant.

BYNUM, J. The right of the plaintiff to recover depends upon the right of the defendant to delegate his authority. The general principle is that *delegatus non potest delegans*.

But it is certain that the principal may, if he chooses, give this power of substitution to his agent by express grant. It is equally certain that the principal may confer this power otherwise; not only by other language, but without any express words to that effect. If a principal constitutes an agent to do a business which obviously or reasonably cannot be done by an agent otherwise than through a sub-agent; or if there is, in relation to that business, a known and established usage of substitution, in either case the principal would be held to have expected and have authorized such substitution. 1 Parsons on Contracts, 83.

Here, from the very nature of the agency, a sub-agent must necessarily be employed. In such case the assent of the principal is implied. The draft was transmitted for collection to the defendant, a corporation located and doing business in Wilmington. The debtor resided in the town of Washington, over two hundred miles distant. The defendant could not send one of its officers to Washington to present and collect the draft; and that must have been well known to the plaintiff. The defendant forwarded the draft for collection to Burbank & Gallagher, a firm in Washington, reliable and in good credit. Prudence and good faith were exercised in the selection of the sub-agent. The true principle is well stated in *Fabens* v. *Mercantile Bank*; 23 Rik., 330: "It is well settled that when a note is deposited with a bank for collection which is payable at another place, the whole duty of the bank so receiving the note in the first instance is seasonably to transmit the same to a suitable bank or other agent at the place of payment. And as a part of the same doctrine, it is well settled that if the acceptor of a bill or promisor of a note has his residence in another place, it shall be presumed to have been intended and understood between the depositor for collection and the bank that it was to be transmitted to the place of residence of the promisor." This decision is consonant with notions of justice. If the

bank acted in good faith in selecting a proper agent where the draft was payable, there is no principle of public policy or justice by which the defendant, who was to receive no compensation, should be made liable for the default of the sub-agent. There are some decisions opposed to this, but the reason of the thing and the weight of authority support the conclusion we have reached. *Dorchester and Milton Bank* v. *New England Bank,* 1 Cush., 177 ; Morse on Banking, 344–50 ; *Meron* v. *Smith,* 3 How., 763.

There is no error.

PER CURIAM.                                    Judgment affirmed.