ARMSTRONG, CATOR & CO. v. D. N. LONON.

(Filed 16 December, 1908).

In this case there was evidence of an item of account between plaintiff and defendant, amounting to the sum in controversy, and defendant sent check "in full of account," not inclusive of the amount claimed by plaintiff, which plaintiff received, endorsed and kept the money on. *Held*, evidence sufficient, in this case, of the intent of full payment and discharge to go to the jury.

ACTION, tried before *Ferguson, J.,* and a jury, September Term, 1908, of McDOWELL, on appeal from a Justice's court.

The action is brought to recover a balance due on verified account of $49.68.

The defendant pleaded a payment of $29.18 on 6 July, 1906, by check, as follows:

"MARION, N. C., 6 July, 1906.

Pay to the order of Armstrong, Cator & Co. $29.18 (twenty-nine 18-100 dollars).

To Merchants & Farmers Bank, Marion, N. C.   (In full to date).

D. N. LONON."

The check was endorsed to plaintiffs and duly paid.

The Court submitted this issue to the jury: Is the defendant indebted to the plaintiffs and, if so, in what amount? "No."

From the judgment rendered plaintiffs appealed.

*Pless & Winborne* for plaintiffs.
*J. L. C. Bird* for defendant.

PER CURIAM. We have examined the record and excep-
tions and the Judge's charge in this case, and find no reversi-
ble error. There is only one assignment of error relating to
the testimony taken or rejected, and that is without merit.
The other assignments of error relate to prayers for instruc-
tion and to the charge of the Court. There is evidence upon
the part of plaintiff, in the deposition of Cator, as well as
the evidence offered by defendant, that there was a dispute,
or at least some misunderstanding in regard to one item in
the account, which amounted to the sum now claimed. The
check indicated on its face that it was sent in full payment to
date thereof and while this is not, under the circumstances
of this case, conclusive, yet the receipt of it by the plaintiffs,
their endorsement of it and retention of the money, is suffi-
cient evidence to go to the jury that it was sent and received
as a full payment and discharge of all indebtedness of defend-
ant to plaintiffs, and so intended.

In charging the jury we think his Honor followed the prin-
ciples laid down in *Petit v. Woodlief,* 115 N. C., 125; *Boy-
kin v. Buie,* 109 N. C., 503; *Koonce v. Russell,* 103 N. C.,
179; *Pruden v. R. R.,* 121 N. C., p. 511, and in his instruc-
tions and those refused we find no error that necessitates
another trial.

The case of *Kerr v. Saunders,* 122 N. C., 635, not cited
in either brief, is very much in point.

No error.