SOUTHWEST NATIONAL BANK v. J. G. JUSTICE ET AL.

(Filed 6 December, 1911.)

**Banks—Collection—Disputed Amount—Tender as Full Payment— Retention of Payment—Knowledge—Principal and Agent—Ratification.**

The plaintiff bank sent to its correspondent a note of defendant for collection, which was protested and returned, and subsequently sent again for collection, when defendant tendered a smaller amount in full settlement, contending that this less sum was that actually owed, on account of payments that had not been credited, which the collecting bank received and agreed to forward to the plaintiff with a letter of explanation, for its acceptance or rejection. The plaintiff made no reply to this communication, and did not return or offer to return the sum received through its correspondent, and brings its action for the full recovery of the note, claiming the amount received therefrom as a credit thereon: *Held,* (1) by accepting the payment through its banking connection under the condition that it was to be in full settlement bars the plaintiff of further recovery; (2) the position that plaintiff was not aware of the positive conditions of the tender made by defendant to its bank of collection cannot avail plaintiff when, subsequently aware thereof, it insists on retaining the payment thus made, as such an act amounts to a ratification of its agent's act.

APPEAL from *Biggs, J.,* at July Term, 1911, of MITCHELL.

Civil action to recover a balance alleged to be due on a promissory note for $1,400.

Issue prepared as follows: Are defendants indebted to plaintiffs, and if so, in what amount?

At the close of testimony, the court having intimated his intention to charge the jury that on the evidence, if accepted by the jury, they would answer the issue No, plaintiff excepted, submitted to a nonsuit and appealed.

*S. J. Ervin, W. C. Newland and Charles E. Greene for plaintiff.*

*J. W. Ragland for defendant.*

HOKE, J. Plaintiff bank, holding a note for $1,400 on defendant, purporting to be due 1 August, 1909, with interest from 23 April, 1906, payable annually and on which there was a credit of $168 of date 11 August, 1908, sent the same for collection to the Mitchell County Bank of Bakersville, N. C., about two weeks before same was due. At maturity the cashier of the latter bank presented same for payment, which was refused and the note was duly protested and returned to plaintiff. Thereupon the note was again sent by plaintiffs to Mitchell County Bank for collection, was again presented, when defendants claimed that the note should have been for only $500, and not $1,400, and offered to pay $432 as the balance due on that basis, deducting the credit of $168 by reason of the former payment and gave that amount to the cashier to be tendered in full settlement of the note. The cashier having entered this as a credit on the note, sent the amount of the payment and this note to plaintiff, accompanied by the following letter:

GENTLEMEN:—We are returning herewith P. M. Brown *et al.'s* note for $1,400 and interest, inclosed to us in your letter of 5 August, and hand you herewith remittance of $432, which we have collected and credited on the back of note. The drawers of this paper claim that the note should have been for $500 instead of $1,400, and the $432 which they ask that we tender you

is to cover the $500 and interest for three years and four months, making $600, less the $68 credit which appears on the back of the note. If you do not care to accept inclosed remittance, you can return same to us. We would suggest the name of Mr. Charles E. Greene as being a reliable and capable attorney.

　　　　　　　　　Yours very truly,

　　　　　　　　　　(Signed)　E. C. GUY, *Cashier.*

The drawers of the note tell me they will stand to be sued on the paper before making any further settlement.

The plaintiff made no reply to this communication, and without returning or offering to return the $432, claiming that same shall be considered only as a credit for that amount, instituted the present suit to recover the balance of the $1,400.

In our opinion, this letter gave clear intimation to plaintiff that if the money was retained it was to be in settlement of the claim, and under our decisions further recovery may not be allowed. *Aydlett v. Brown,* 153 N. C., 334; *Armstrong v. Lonon,* 149 N. C., 434; *Cline v. Rudisill,* 126 N. C., 523.

And if there was doubt as to the meaning of the letter, there can be none as to the fact that the money was turned over to the cashier of the Mitchell Bank as a tender in full settlement of the claim, and it is well established that a plaintiff cannot accept and hold on to the benefits of the transactions between the cashier and defendants and repudiate the conditions attached to it. The general principle was applied in a suit at the present term, *Sprunt v. May,* 156 N. C., 388, citing among other cases *Corbett v. Clute,* 137 N. C., 546; *Harris v. Delamar,* 38 N. C., 219; *Manufacturing Co. v. Cotton & Long,* 125 Ky., 750.

It is urged that plaintiff did not know the positive character of the tender when the letter was received transmitting the payment, but he knows it now and insists on retaining the money. The principle applicable is very well stated in 30 Cyc., p. 1267, as follows: "It is a well-settled principle of ratification that the principal must ratify the whole of an agent's unauthorized act or not at all, and cannot accept its beneficial results and repudiate its burdens. It follows as a general rule that if a principal with full knowledge of all the material facts takes and

retains the benefits of the unauthorized act of his agent, he thereby ratifies such act and with the benefits accepts the burdens resulting therefrom." *R. R. v. R. R.,* 147 N. C., 385.

There is no error in the ruling of the court, and the judgment is

Affirmed.