M. C. BRASWELL, INC., v. CITIZENS NATIONAL BANK OF RALEIGH, N. C.

(Filed 22 May, 1929.)

1. **Bills and Notes I b—Payee of check is liable where drawee bank pays check by its draft on another bank which is not paid.**

   Where the payee of a check deposits it in a bank for collection and does not thereon indicate that the collecting bank is to require payment in money, he authorizes the collecting bank to collect in due course of mail and comes within the provisions of 3 C. S., 220(aa), 220(g) as being a check presented by or through a "postoffice," and the collecting bank is not liable for accepting the check of the drawee bank on another bank, resulting ultimately in nonpayment, and the payee must suffer the loss thereon.

2. **Same—Presentment of check for payment through mail is good.**

   A collecting bank makes a good presentment of a check for payment by forwarding it to the drawee bank in another city by mail. 3 C. S., 220(n).

3. **Customs and Usages B a—One depositing check not bound by custom of drawee bank paying same by its draft on another bank.**

   One depositing a check for collection in a bank is not ordinarily bound by a custom among banks that a collecting bank accepts the draft of the drawee bank on another bank in payment.

APPEAL by plaintiff from *Barnhill, J.,* at February Term, 1928, of NASH. Affirmed.

Action to recover of defendant the sum of $6,760.50, as damages alleged to have been sustained by plaintiff, resulting from the negligence of defendant as its agent for the collection of a check drawn on a bank chartered by this State, and payable to the order of plaintiff.

Defendant received said check endorsed by plaintiff, and forwarded same, by mail, to the drawee bank, and accepted in payment of the proceeds thereof the draft of the drawee bank on another bank, which upon due presentment was not paid. The drawer of the draft has been duly adjudged insolvent.

From judgment dismissing the action at the close of the evidence for plaintiff, as upon nonsuit, plaintiff appealed to the Supreme Court.

*Battle & Winslow and James P. Bunn for plaintiff.*
*Smith & Joyner and O. B. Moss for defendant.*

CONNOR, J. On or about 23 December, 1925, O. B. Taylor & Company, engaged in business as cotton buyers, at Whitakers, N. C., purchased of plaintiff, a corporation, engaged in the mercantile business at Battleboro, N. C., a lot of cotton. In payment of the purchase price of said cotton, the said O. B. Taylor & Company, drew their check on

the Bank of Whitakers of Whitakers, N. C., for the sum of $6,760.50, payable to the order of plaintiff, and delivered said check to plaintiff. On or about 31 December, 1925, said check, bearing the endorsement of plaintiff, and also the subsequent endorsements of the Planters Bank of Battleboro, and of the defendant, Citizens National Bank of Raleigh, N. C., and marked "Paid," and duly canceled, was delivered by the Bank of Whitakers to the said O. B. Taylor & Company, with a statement showing the status of their account with said bank, as of that date. Said account had been charged with the amount of said check. From the date of said check until it was received and accepted for payment by the Bank of Whitakers, the said O. B. Taylor & Company, had on deposit with said bank, subject to their check, a sum in excess of the amount of said check. The amount of said deposit was reduced by the amount of said check, leaving a balance due thereon to the said O. B. Taylor & Company.

Plaintiff received said check from O. B. Taylor & Company, on 23 December, 1925. On said date, the said check, endorsed by plaintiff, was deposited with the Planters Bank of Battleboro for collection, and credited to the account of plaintiff. The Planters Bank of Battleboro endorsed said check and immediately forwarded same by mail to the defendant, Citizens National Bank of Raleigh, N. C., for collection. The Citizens National Bank received said check on 24 December, 1925, and having first endorsed the same, immediately forwarded said check, by mail, to the Bank of Whitakers for payment. The Bank of Whitakers received said check through the mail and charged same to the account of the drawers, O. B. Taylor & Company. On the date of its receipt of said check, the Bank of Whitakers had in its vaults, available for the payment of said check, currency in excess of the sum of $14,000. The Bank of Whitakers, in accordance with the custom of banks, and in the exercise of its option, by virtue of the statute, remitted for the proceeds of said check by its draft on the National Bank of Commerce of Norfolk, Virginia, payable to the order of defendant, Citizens National Bank of Raleigh, N. C.

On 30 December, 1925, the defendant, Citizens National Bank of Raleigh, N. C., received, through the mail, from the Bank of Whitakers, its draft on the National Bank of Commerce of Norfolk, Va., for an amount which included the amount of the check drawn on said Bank of Whitakers by O. B. Taylor & Company, and payable to the order of plaintiff. This draft was accepted by defendant and forwarded by it to the National Bank of Commerce of Norfolk, Va., by mail, for payment. Upon due presentment of said draft, the National Bank of Commerce refused to pay the same. On Monday, 4 January, 1926, the Bank of Whitakers closed its doors and ceased to do business. It was

BRASWELL *v.* BANK.

thereafter duly adjudged insolvent. Plaintiff was promptly notified by defendant of its inability to collect the draft which it had received from the Bank of Whitakers in payment of the proceeds of the check. The Planters Bank of Battleboro has charged the amount of said check to plaintiff's account with said bank, with the result that plaintiff has not received payment in money, of the proceeds of said check.

The evidence offered by plaintiff tends to show the foregoing facts: There was no evidence tending to show the facts to be otherwise, or to show other or additional facts pertinent to the decision of the question presented by plaintiff's appeal from the judgment dismissing the action as upon nonsuit.

This question may be stated as follows: When a bank has received from the owner, for collection, a check drawn on a bank or trust company, chartered by this State, and has forwarded said check, by mail, to the drawee bank for payment, and the drawee bank has accepted said check and charged same to the account of the drawer and thereby paid it, with the result that the drawer is discharged, and has remitted the proceeds of said check to the collecting bank by its draft on another bank, in accordance with the custom of bankers, or in the exercise of its option to pay said check by such draft, rather than in money, and such draft upon due presentment is not paid, because of the insolvency of the remitting bank, duly adjudged subsequent to the date of the draft, and prior to its presentment for payment, is the collecting bank liable for the loss sustained by the owner of the check, because of negligence in failing to require of the drawee bank payment in money, and in accepting its draft on another bank in payment of the proceeds of the check?

In view of the provisions of section 2, chapter 20, Public Laws 1921 (3 C. S., 220aa), we need not now discuss or decide the question presented by this appeal, as to whether the owner of a check, which has been deposited by him with a bank for collection, is bound by the custom which the evidence in this case tends to show prevails among bankers, relative to the means by which the proceeds of a check which has been paid by the drawee bank, are remitted by such bank to the collecting bank. The evidence tends to show the existence of a custom among bankers in accordance with which such remittance is made by means of a draft drawn by the remitting bank, on another bank, and payable to the order of the collecting bank. It cannot be held, however, that the owner of a check who has deposited same with a bank for collection, in the absence of knowledge, actual or presumed, of its existence, is bound by a custom among banks, in accordance with which the collecting bank accepts in payment of a check, which has been deposited with it for collection, the draft of the drawee bank on another

bank, payable to its order. In the absence of a special agreement to the contrary, or of a local custom of which the owner of the check has actual knowledge, or of a general custom so all-pervading as to affect all persons who deal with banks, or of a statute, which modifies or repeals the general rule of law that checks are payable only in money, the collecting bank is liable to the owner of the check, for loss sustained by its acceptance of payment otherwise than in money. *Bank v. Malloy,* 264 U. S., 160, 68 L. Ed., 617.

In *Gilmer v. Young,* 122 N. C., 806, 29 S. E., 830, it is said: "A custom, in order to amount to notice to all persons, must, like the common law, be general. A local, or general local custom is not notice to any one, unless there be actual knowledge of it, and it will not be treated as entering into the contract without such knowledge." In *Oil Co. v. Burney,* 174 N. C., 382, 93 S. E., 912, it is said to be "established doctrine that the terms of a contract may be explained and interpreted by a prevailing custom or usage and it is recognized further that such custom may be so general and all-pervading, that the parties may be presumed, in some instances, conclusively presumed, to have made their contract in contemplation of it."

The decision of the question presented by this appeal is determined by the provisions of section 2, chapter 20, Public Laws 1921 (3 C. S., 220aa), which are as follows:

"In order to prevent the accumulation of unnecessary amounts of currency in the vaults of the banks and trust companies chartered by this State, all checks drawn on said banks and trust companies shall, unless specified on the face thereof to the contrary by the maker or makers thereof, be payable in exchange drawn on the reserve deposits of said bank, when any such check is presented by or through any Federal Reserve Bank, postoffice or express company or any respective agent thereof."

The check of O. B. Taylor & Company, on the Bank of Whitakers, payable to the order of plaintiff, upon presentation to said bank for payment otherwise than "by or through any Federal Reserve Bank, postoffice or express company, or any respective agent thereof" was payable in money. In the absence of specification on the face of said check to the contrary by the makers, the said check was payable in exchange, drawn on the reserve deposits of the Bank of Whitakers— that is, by draft on another bank, with which the Bank of Whitakers had a deposit to its credit (3 C. S., 220g), when such check was presented by or through any Federal Reserve Bank, postoffice or express company or any respective agents thereof. The plaintiff as owner of the check exercised its option to have the check presented to the

drawee bank by or through the postoffice, for it must be held that both plaintiff and its agent for collection, the Planters Bank of Battleboro, knew when the check was sent to the defendant for collection, that defendant would avail itself of the postoffice as the means by which the check would be presented to the Bank of Whitakers for payment. *Bank v. Bank,* 75 N. C., 534. When so presented, by virtue of the statute, the Bank of Whitakers had the option to pay the check by its draft on another bank. Plaintiff, therefore, must be held to have authorized defendant to accept the draft in payment of the check. Defendant having presented the check for payment, by or through the postoffice, as it was authorized to do, could not by virtue of the provisions of the statute, require payment in money, *Bank v. Barrow,* 189 N. C., 303, 127 S. E., 3. Defendant was, therefore, not negligent in accepting the draft of the drawee bank, and cannot be held liable to plaintiff for any loss which has or may result from such acceptance. Plaintiff and not defendant, is a creditor of the Bank of Whitakers, for the amount of the check drawn upon and paid by said bank, and may file claim for such amount with the receiver of said bank.

The forwarding of the check by defendant to the Bank of Whitakers, by mail, was a good presentment (8 C. J., 561) and was expressly authorized by statute. 3 C. S., 220(n).

It may be noted that under the provisions of C. S., 218(c), as amended by chapter 113, Public Laws 1927, claims against the estate of an insolvent bank for amounts due on collection made and unremitted for, or for which final actual payment has not been made by the bank, are now given preference, in the final distribution of the assets of said bank. See subsection 14, of C. S., 218(c). Michie's North Carolina Code, 1927.

By virtue of the provisions of the statute applicable to this case, when the payee or holder of a check drawn on a bank or trust company chartered by this State, and payable at the option of the drawee bank by its draft on another bank, deposits such check with a bank for collection, with knowledge that the collecting bank will in due course present such check for payment by or through a Federal Reserve Bank, postoffice, or express company or any respective agent thereof, and when the drawee bank accepts such check, and pays the same by charging it to the account of the drawer, who is thereby discharged, and in the exercise of its option remits the proceeds of such check to the collecting bank by its draft on another bank, which upon due presentment is not paid, because of the insolvency of the remitting bank, the payee or holder of the check, and not the collecting bank must bear the loss, if any, resulting from the nonpayment of the draft. Nothing else

appearing the collecting bank cannot be held liable to the owner of the check for negligence in accepting payment of the proceeds of the check by the draft of the drawee bank on another bank, and in failing to require that payment shall be made in money. There is no error in the judgment. It is

Affirmed.