### H. W. QUALLS v. THE FARMERS AND MERCHANTS BANK.

(Filed 18 September, 1929.)

1. **Bills and Notes I c—Bank of deposit sending check in due course to its reputable correspondent bank for collection is not liable thereon.**

   A bank receiving from the payee a check on a bank in a different town performs its duty by sending it for collection in due course to its reputable correspondent bank at or near the place of payment.

2. **Same—Bank in course of collection is agent of payee and not the bank of deposit.**

   Where a bank receives from the payee a check drawn on a bank in a different town, and sends it in due course to its reputable correspondent bank, which sends it to an intermediate bank for collection: *Held,* the bank in course of collection is the agent of the payee and not the bank of deposit, and the bank of deposit is not liable to the payee for the negligence, if any, of the collecting bank.

3. **Same—Check received by drawee bank through the mail is payable by it by draft on another bank.**

   Where the payee of a check drawn on a bank in a different town deposits it for collection in a bank without requesting that payment by the drawee bank be demanded in cash, and in due course of collection the check is sent by the bank of deposit to its reputable correspondent bank, which in turn sends it to an intermediate bank for collection: *Held,* the check, being sent through the postoffice, is payable by the drawee bank

by its draft on its reserve funds in another bank, and the bank of deposit is not liable to the payee upon the ultimate nonpayment of the check because of the insolvency and nonpayment of the draft of the drawee bank. Public Laws of 1921, ch. 4, sec. 39.

4. **Same—Bank of deposit not liable for failure to give prompt notice of nonpayment of check when damages are not shown to have resulted therefrom.**

The failure of the bank of deposit to promptly notify the payee of the nonpayment of a check deposited by him will not subject the bank to liability in damages when no damages are shown to have resulted therefrom.

APPEAL by plaintiff from *Barnhill, J.,* at March Term, 1929, of HALIFAX.

Submission of controversy without action under C. S., 626, upon the following facts:

1. The plaintiff is a resident of Halifax County, N. C., and the Farmers and Merchants Bank was a banking corporation under the laws of the State of North Carolina, with its principal place of business in Littleton, Halifax County, N. C.

2. On or about 17 December, 1925, O. B. Taylor & Co., for value, drew its check on the Bank of Whitakers, a bank then doing business under the laws of the State of North Carolina, with its principal place of business in Whitakers, N. C., said check being in favor of Louis Lynch, and in the sum of $390.55, which said check was, in due course, for value, endorsed by the said Louis Lynch, to the order of H. W. Qualls.

3. On 21 December, 1925, H. W. Qualls deposited said check for collection with said Farmers and Merchants Bank, using therefor a deposit slip furnished by said bank on which is the following notation: "All items are accepted at the depositor's risk until we have received final actual payment. We assume no liability beyond due diligence in forwarding items to any bank or collection agency."

4. On said date, 21 December, 1925, the account of the said Qualls with said Farmers and Merchants Bank was duly credited with the amount of said check, to wit, the sum of $390.55; and that on the same date the said bank forwarded said check for collection to the First National Bank of Portsmouth, Virginia, a duly organized and acting bank, and the regular correspondent of the Farmers and Merchants Bank, which said check was received by said First National Bank of Portsmouth on 23 December, 1925.

5. The First National Bank of Portsmouth, on 23 December, 1925, forwarded said check to the Merchants National Bank of Richmond, Virginia, which bank, on the next day received same and forwarded it to the Bank of Whitakers for payment.

6. On 30 December, 1925, the Bank of Whitakers sent to the Merchants National Bank of Richmond, Va., its draft on the National Bank of Commerce of Norfolk, Va., in payment of said item, which was duly presented and payment was refused because the Bank of Whitakers did not have sufficient funds available with which to pay it. Thereafter, the First National Bank of Portsmouth, Virginia, charged back against the Farmers and Merchants Bank of Littleton, N. C., the amount of said check, and on 8 January, 1926, the Farmers and Merchants Bank of Littleton charged back said check against the account of the said H. W. Qualls.

7. When said check was sent by the Merchants National Bank of Richmond to the Bank of Whitakers the Bank of Whitakers marked the same paid, and on the first of the following month returned said check to O. B. Taylor & Co., marked paid.

8. On or about 17 December, 1925, the date on which said check was drawn, and continuously thereafter, on the books of the Bank of Whitakers there was to the credit of the defendant, O. B. Taylor & Co., sufficient balance with which to pay said check.

9. During the times above mentioned, and ever since, the Bank of Whitakers was and is insolvent.

10. H. W. Qualls has never been reimbursed on account of said check.

11. The route selected for sending said check by the defendant was the usual and customary one.

12. On 4 January, 1926, the Bank of Whitakers was closed by the Corporation Commission of North Carolina on account of its insolvency.

Upon these facts it was adjudged that the plaintiff recover nothing and that the defendant recover its costs. Affirmed.

*Joseph P. Pippin and Dunn & Johnson for plaintiff.*
*No counsel contra.*

Adams, J. In *Quarles v. O. B. Taylor & Company and the Farmers and Merchants Bank* we held that as to Taylor & Company the check in controversy had been paid. 195 N. C., 313. The action is now prosecuted against the bank alone.

In this appeal the first question is whether the plaintiff is entitled to prevail on the ground that one of the correspondent banks, the Merchants National Bank of Richmond, instead of demanding the cash, accepted the drawee's check or draft on another bank which was not paid for want of funds. The question involves the legal relation sustained by the plaintiff, not only to the defendant, but to the corresponding banks to whom the check in controversy was sent in due course of

the attempted collection; and with us, notwithstanding a divergence of views expressed by various courts, this relation has been definitely determined. We have adopted the Massachusetts rule, which is thus· stated: When the first bank transmits the paper with proper instructions to a reputable and proper agent, either in the place where the collection is to be made, or in the place nearest thereto where it has a correspondent or agent whom it deems fit to employ for the purpose of forwarding, it has done its duty, and is not responsible for the negligence of the correspondent or its agents. 1 Morse on Banks (6 ed.), sec. 274. Accordingly, in *Bank v. Bank,* 75 N. C., 534, *Bynum, J.,* cited *Fabens v. Mercantile Bank,* 23 Pickering, 330, and quoted with approval this statement of the principle: "It is well settled that when a note is deposited with a bank for collection which is payable at another place, the whole duty of the bank so receiving the note in the first instance is· seasonably to transmit the same to a suitable bank or other agent at the place of payment. And as a part of the same doctrine it is well settled that if the acceptor of a bill or promisor of a note has his residence in another place, it shall be presumed to have been intended and understood between the depositor for collection and the bank that it was to be transmitted to the place of residence of the promisor," . . . to which, in *Bank v. Floyd,* 142 N. C., 187, 191, the words "drawee or payer" are superadded. In the latter case there is a comprehensive discussion of the principle by *Justice H. G. Connor,* who said that *Bank v. Bank, supra,* had been recognized as controlling in this State and as sustained by the weight of authority "in other courts and the reason of the thing." He also approved the proposition affirmed in *Bank v. Bank,* 71 Mo. App., 451, that if a bank receives a paper for collection on a party at a distant place, the agent it employs at the place of payment is the agent of the owner and not of the bank, and if the bank selects a competent and reliable agent and gives proper instructions its responsibilities cease.

In his brief the plaintiff admits we are committed to the Massachusetts Rule, but he insists that our decisions supporting it should be overruled. As an exhaustive investigation of the authorities led to the conclusion reached in *Bank v. Floyd, supra,* that is, that the rule is sustained both by reason and by the weight of judicial thought, we see no convincing reason for receding from the position which has been uniformly upheld by this Court for more than half a century. See Annotation in 52 L. R. A. (N. S.), 608, and in 36 A. L. R., 1308.

The Merchants National Bank of Richmond sent the check to the drawee bank; but if this could formerly have been negligence, as held in *Bank v. Floyd, supra,* and in *Bank v. Trust Co.,* 172 N. C., 345, it would now·be recognized as "due diligence" in view of the provisions of Public Laws 1921, ch. 4, sec. 39. It was so held in *Bank v. Barrow,*

189 N. C., 303, 309. The Merchants National Bank of Richmond was the agent of the plaintiff, and its liability to its principal, if any, would not be the liability of the defendant. Besides, as above suggested, under Public Laws 1921, ch. 20, the plaintiff's check having been presented to the drawee through the postoffice was payable by the drawee on exchange drawn on its reserve deposits, in the absence of a contrary specification on the face of the check. The drawer did not on the face of the check demand payment in cash; nor was such demand made by the plaintiff as endorser. The plaintiff's agent, the Merchants National Bank of Richmond, received just what it was authorized to accept. *Braswell v. Bank, ante,* 229.

The second question is whether the defendant was negligent in failing promptly to notify the plaintiff of noncollection. The drawee was closed by the Corporation Commission on 4 January, 1926. It does not clearly appear when the defendant was notified that the First National Bank of Portsmouth had charged back to it the amount of the check; but it does appear that the defendant charged the amount against the account of the plaintiff on 8 January, 1926, and in the absence of specific evidence it is reasonable to infer that the plaintiff was immediately notified. In any event there is no evidence of loss sustained by the plaintiff by reason of the alleged delay.

We concur with his Honor in the conclusion that the facts agreed disclose no such negligence or want of due diligence on the part of the defendant as will subject it to liability in damages to the plaintiff. Judgment

Affirmed.