ROY LAWSON v. BANK OF BLADENBORO.

(Filed 26 October, 1932.)

1. **Appeal and Error J c—Findings of fact are conclusive on appeal when supported by evidence.**

    Where the court below finds the facts under an agreement of the parties his findings are conclusive on appeal when supported by sufficient competent evidence.

2. **Bills and Notes I b—Bank collecting draft is agent of drawer and is liable to him for allowing unauthorized deduction.**

    Where A. sells cotton to B. who in turn sells it to a cotton mill, and gives A. a draft on the mill in payment of the purchase price, and A. ships the cotton to the mill and deposits the draft with bill of lading attached in a bank which sends the draft to another bank for collection, and the collecting bank allows the mill to deduct therefrom an amount owed it by B. and remits the balance to A.: *Held,* the collecting bank was the agent of A. and is liable to him for the amount of the deduction unless A. had authorized or ratified such deduction.

3. **Same: Principal and Agent C a—Held: drawer ratified act of collecting bank in allowing drawee to deduct sum from amount of draft.**

    Where the collecting bank allows the drawee of a draft to deduct therefrom a certain sum due the drawee by another, and the drawer is notified of such deduction and accepts the amount collected and attempts to collect the amount of the deduction from the one who owed the sum to the drawee: *Held,* the acceptance by the drawer of the amount collected

on the draft and his attempt to collect the amount of the deduction from the third person constituted a ratification of the act of the collecting bank in allowing the deduction, and the drawer may not thereafter collect the amount of the deduction from the collecting bank.

**4. Principal and Agent C a—Principal must ratify acts of agent in whole or reject them in whole.**

A principal will not be allowed to accept the benefits of the unauthorized acts of his agent and repudiate the burdens, but the principal must ratify the whole transaction or reject it completely, and where written instruments of ratification are to be construed or where the facts are undisputed, or only one inference can be drawn therefrom, the question of ratification is for the court.

APPEAL by plaintiff from *Small, J.,* at September Term, 1932, of BLADEN. Affirmed.

The judgment of the court below is as follows:

"It having been agreed that the court find the facts, the court finds the following: That Roy Lawson, the plaintiff, sold to G. W. Branch fifty bales of cotton, that G. W. Branch resold the cotton to the Bladenboro Cotton Mills; that Roy Lawson consigned the fifty bales of cotton to Bladenboro Cotton Mills with draft attached to the bill of lading made by G. W. Branch, said draft being made payable to Roy Lawson at sight for the sum of $1,884.22. That said draft with bill of lading attached was transmitted to the Bank of Bladenboro and the Bank of Bladenboro notified the Bladenboro Cotton Mills that it had same for collection and that the Bladenboro Cotton Mills deducted from the amount of said draft the amount of $383.97, that said Branch owed said Cotton Mills.

That said Bank of Bladenboro forwarded draft as agent for plaintiff to the Citizens Bank of Morven, Georgia, that the bank of Morven, Georgia, notified plaintiff of said deduction by Bladenboro Cotton Mills and that said Morven Bank credited the account of plaintiff with $1,500.25, that plaintiff learned of said credit of said Bank of Morven on Monday following Saturday the Bank of Morven received said draft. That plaintiff accepted said draft from his forwarding agent the Bank of Bladenboro and allowed same to remain to his credit in the Bank of Morven, Ga. That subsequent to receiving the $1,500.25 draft in Georgia bank plaintiff attempted to collect the $383.97 difference from G. W. Branch. That practically seven days thereafter, that is after receipt and credit of said amount in the Georgia bank and after plaintiff failed to collect from Branch he then attempted to collect the difference from the Bank of Bladenboro. The plaintiff failed to attempt to collect from the Bank of Bladenboro until he learned he could not collect from

Branch. The plaintiff saw exhibited to him the $1,500.25 draft in the Bank of Morven, Georgia, and knew of the deduction on Monday following the Saturday the Georgia bank received same, and that in person he saw a statement of the deduction made by the Bladenboro Cotton Mills.

The court finds the above facts in this cause: It is therefore ordered, adjudged and decreed that the plaintiff take nothing in this action and that the plaintiff pay the costs, to be taxed by the clerk."

The plaintiff's only exception and assignment of error is as follows: "The court erred in rendering judgment for defendant upon the facts found and contained in the judgment."

*H. H. Clark for plaintiff.*
*Varser, Lawrence, McIntyre & Henry for defendant.*

CLARKSON, J. It was agreed that the court below should find the facts. We are bound by the findings if there is sufficient competent evidence to support them, which we think there is.

The *first* question involved: Did the defendant, as plaintiff's agent, violate the trust imposed in it by the plaintiff in acceptance of $1,500.25 and delivery of the draft for $1,884.22 with the bill of lading to Bladenboro Cotton Mills? We think it did.

The plaintiff, Roy Lawson, sold to G. W. Branch fifty bales of cotton for $1,884.22. Branch sold the cotton to the Bladenboro Cotton Mills, and drew a sight draft for $1,884.22 on the cotton mills payable to Roy Lawson, with the bill of lading for the cotton attached. Roy Lawson deposited the draft in the Citizen's Bank of Morven, Ga. The draft was sent to the Bank of Bladenboro for collection. It turned out that Branch owed the cotton mills $383.97, and when the $1,884.22 draft with the bill of lading was presented by the Bank of Bladenboro to the cotton mills, the defendant Bank of Bladenboro accepted from the cotton mills $1,500.25, and turned the draft and bill of lading for the cotton over to the cotton mills, and allowed a deduction from the draft of $383.97, and sent $1,500.25 to the Bank of Morven, Ga., which was credited to plaintiff's account.

The well settled law in this jurisdiction is thus stated: "If a bank receive a paper for collection on a party at a distant place, the agent it employs at the place of payment is the agent of the owner and not of the bank; and, if the bank selects a competent and reliable agent and gives proper instructions, its responsibilities cease." *Bank v. Bank,* 71 Mo. App., 451; *Bank v. Floyd,* 142 N. C., 191-2; *Qualls v. Bank,* 197 N. C., 438.

If nothing else appeared the plaintiff would be entitled to recover the amount he sued for from the defendant. But there is a *second* question involved: Has the plaintiff ratified the acts of its agent, the defendant, in delivery of the said draft and bill of lading for less than the amount of the draft? We think so.

The defendant sent the $1,500.25 to the Bank of Morven, and notified it of the deduction. The Bank of Morven received the amount on Saturday, credited it to the account of plaintiff, and notified plaintiff on Monday of the deduction. Plaintiff saw the $1,500.25 draft in the Bank of Morven and in person saw the statement of the deduction made by the cotton mills. The plaintiff thereafter attempted to collect the amount from Branch and, after learning he could not collect from Branch, attempted to collect the difference from defendant, which was about seven days thereafter, and brought this action 24 March, 1932.

It will be noted in the present case that plaintiff is not suing Bladenboro Cotton Mills, the party whom he had a draft on, but is suing the agent, the Bank of Bladenboro. It is well settled that if he had sued the cotton mills the suit would be a ratification. The matter is thus stated in 21 R. C. L., Principal and Agent, part sec. 106, at pp. 927-8: "Ratification of the unauthorized acts of one assuming to act as agent may be either express or implied: express as by spoken or written words applied, when the conduct of the principal constitutes an assent to the acts in question. And the acts of the principal, it seems, will be liberally construed in favor of a ratification. One of the most unequivocal methods of showing a ratification of an agent's unauthorized act is the bringing of an action or basing a defense thereon. For example, where an agent sells the goods of his principal at an agreed price, to be paid for in services to be rendered to the agent by the purchaser, and the principal, with full knowledge of the facts, sues the purchaser in assumpsit for the price agreed, he thereby affirms the contract of his agent, both as to the sale and the mode of paying the price."

In the case of *Bank v. Justice,* 157 N. C., 373, the plaintiff bank held a note of $1,400 on defendant Justice, and sent it to the Mitchell County Bank of Bakersville, N. C., for collection. The bank returned the note of $1,400, and remitted $432 which it collected and credited on the note and the cashier of the bank wrote plaintiff "the drawers of this paper claim that the note should have been for $500 instead of $1,400, and the $432 which they ask that we tender you is to cover the $500 and interest for three years and four months, making $600, less the $68 credit which appears on the back of the note. If you do not care to accept enclosed remittance, you can return same to us. . . . The drawers of the note tell me they will stand to be sued on the paper

before making any further settlement." The plaintiff made no reply to this communication, and without returning or offering to return the $432, claiming that same shall be considered only as a credit for that amount, instituted the present suit to recover the balance of the $1,400.

In the above case, the suit was not against the agent who made full disclosures of the purpose of Justice, and the note was not turned over to Justice by the agent bank, but returned to the plaintiff bank. Full warning was made by the collecting bank and the makers of the note. The plaintiff bank sued the makers of the note. The Court said, at p. 375: "In our opinion, this letter gave clear intimation to plaintiff that if the money was retained it was to be in settlement of the claim, and under our decisions further recovery may not be allowed. *Aydlett v. Brown,* 153 N. C., 334; *Armstrong v. Lonon,* 149 N. C., 434; *Cline v. Rudisill,* 126 N. C., 523. . . . It is urged that plaintiff did not know the positive character of the tender when the latter was received transmitting the payment, but he knows it now and insists on retaining the money. The principle applicable is very well stated in 30 Cyc., p. 1267, as follows: 'It is a well settled principle of ratification that the principal must ratify the whole of an agent's unauthorized act or not at all, and cannot accept its beneficial results and repudiate its burdens. It follows as a general rule that if a principal with full knowledge of all the material facts takes and retains the benefits of the unauthorized act of his agent, he thereby ratifies such act and with the benefits accepts the burdens resulting therefrom.' *R. R. v. R. R.,* 147 N. C., 385."

In *DeLoache v. DeLoache,* 189 N. C., at p. 398, the learned former *Associate Justice Varser,* of this Court, in reference to this subject said: "Business transactions cannot be safely conducted upon secret reservations of mind that are totally inconsistent with the open acts. It was open to plaintiff to refuse to accept check No. 2 if he was unwilling to affirm its provisions in every respect. When he accepted its proceeds he made effective and binding its every stipulation. *Ore Co. v. Powers,* 130 N. C., 152; *Aydlett v. Brown,* 153 N. C., 334."

In *Parks v. Trust Co.,* 195 N. C., at p. 455-6: "Speaking to the subject in *Waggoner v. Publishing Co.,* 190 N. C., 829, 130 S. E., 609, it was said: 'The defendant will not be permitted to repudiate the act of its agent as being beyond the scope of his authority, and at the same time accept the benefits arising from what he has done while acting in its behalf. *Starkweather v. Gravely,* 187 N. C., 526. It is a rule too well established to admit of debate that if a principal, with full knowledge of the material facts, takes and retains the benefits of an unauthorized act of his agent, he thereby ratifies such act, and with the benefits he must necessarily accept the burdens incident thereto or which naturally result

therefrom. The substance of ratification is confirmation after conduct. 2 C. J., 467. It is also a settled principle of ratification that the principal must ratify the whole of his agent's unauthorized act or not at all. He cannot accept its benefits and repudiate its burdens. *Bank v. Justice,* 157 N. C., p. 375."

In *Sugg v. Credit Co.,* 196 N. C., at p. 99, it is said: "Conceding without deciding, that the cashier of the Snow Hill Banking and Trust Company, was not authorized by the payee to endorse the check in question, still we think the plaintiff must fail in his suit if not upon the principle of ratification then upon the doctrine of estoppel. The law will not permit him to take and to hold the fruits of what was done for him by the cashier of the bank and at the same time repudiate its consequences. *Bank v. Justice,* 157 N. C., 375."

If plaintiff had brought an action against the cotton mills the authorities are to the effect that the present suit was an unequivocal ratification. We think, under the facts and circumstances of this case, the principle applies to the defendant agent, the Bank of Bladenboro. The plaintiff should have promptly returned the $1,500.25 to the Bank of Bladenboro, and the bank could then have called on the cotton mills to pay the full amount of the draft or the parties placed in *statu quo.* This cannot now be done. If the Bank of Bladenboro or the cotton mills could not or did not place the parties in *statu quo,* plaintiff would have at once a cause of action.

In Mechem on Agency, 2d ed. Vol. 1, sec. 479, p. 352, we find: "Ratification is not a matter to be presumed; it must be proved. And the burden of proof rests upon him who alleges it." Section 481, p. 353: "Where written instruments of ratification are to be construed, the question is for the court. So, if the facts are undisputed and only one inference can reasonably be drawn from them, the question whether they constitute ratification or not, is one of law for the court; but where the facts are in dispute, or where the inferences to be deduced from them are such that men may reasonably differ concerning them, the question of ratification or not is for the jury. This is especially true where ratification is sought to be implied from conduct, or deducted from acts of alleged acquiescence," etc.

We think the undisputed facts in this case constitute ratification. The plaintiff could not accept the money derived from the draft, less the deduction, and reserve the right to repudiate the transaction and sue for the amount deducted. The suit was an unequivocal ratification.

Mr. Mordecai, in his Law Lectures (1907), at p. 72, tersely states the principle: "The principal cannot of his own authority ratify a part and repudiate the rest, he cannot take the rose without the thorns."

The hardship on plaintiff in a distant state is apparent, but being *sui juris,* no fraud or mistake alleged, or proved, he must bear the consequence of not repudiating his agent's conduct and returning the draft. He made an election which he is bound by and the court cannot relieve him. The judgment of the court below is
Affirmed.